B. Elizabeth Homan v. Andrew Jackson Harrison Homan.

198 So. 20
Division A
Opinion Filed October 4, 1940

*A. Patrick Cannon* and *John G. Simms,* for Appellant; *George S. Okell,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree of divorce. It is contended that the decree should be reversed because (1) The court did not acquire jurisdiction of the defendant, she being a resident of the State of New York when suit was brought, did not appear or file an appearance in the cause but signed an acceptance of service on the back of the summons as follows: "Service of the within summons accepted this 24th day of June, A. D. 1938." (2) If the court acquired jurisdiction, the decree should be reversed because the grounds for divorce were supported solely by the uncorroborated testimony of the complainant.

In answer to the first question, we hold that service voluntarily accepted in a divorce suit is legal and sufficient to give the court jurisdiction of a non-resident defendant but that it does not affect the subject matter of the divorce. If the *bona fides* of the acceptance is challenged for alleged fraud in the service or acceptance thereof, then it should be shown that the summons came regularly into the hands of the defendant, that such defendant knew the contents and purpose thereof, and that he or she was the identical defendant who accepted and signed it.

In answer to the second question, it is sufficient to say that we have examined the evidence and find no support for the allegations in the bill of complaint except the uncorroborated testimony of the complainant. That being the case, the decree is reversed on authority of Dean v. Dean, 87 Fla. 242, 99 So. 816; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694, without prejudice to the parties to apply to the lower court for an order allowing additional testimony to be taken.

Reversed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.