## BETH MARIE GARLAND v. CLAUD GARLAND, JR.

29 So. (2nd) 693  
March 28, 1947  
Rehearing denied April 16, 1947

January Term, 1947  
Division B

*Joseph W. Nichols,* for appellant.  
*Thomas J. Collins,* for appellee.

BUFORD, J.:

Appeal brings for review final decree of divorce.

The bill of complaint charged that the defendant had been guilty of extreme cruelty to the plaintiff. The bill of complaint falls short of alleging sufficient facts to show the defendant to have been guilty of extreme cruelty.

Even if the facts alleged in the bill of complaint were sufficient to show that plaintiff had cause to complain of his wife's conduct, which he complained of principally because of

her disposition to save money, and not to waste it or throw it away, and that she nagged at him principally because of his indulging in fishing, the evidence is legally insufficient to establish the fact that the wife was guilty of extreme cruelty toward the plaintiff. There is a complete lack of any corroborating evidence to establish the fact that the wife indulged in nagging, or any other unkind treatment toward the plaintiff.

We are not ready to say that every man whose wife insists upon controlling the purse strings and who objects to unnecessarily spending money is entitled to a divorce on the ground of extreme cruelty. We have gone a long way in holding that any habitual indulgence by one spouse that causes mental torture undermining the health or tending to dethrone reason of the other is sufficient to constitute extreme cruelty as a ground for divorce. Bergman v. Bergman, 145 Fla. 10, 199 Sou. 920; Diem v. Diem, 141 Fla. 260, 193 Sou. 65; Hahn v. Hahn, 153 Fla. 584, 15 Sou. (2) 299.

In this case the evidence meets none of the conditions laid down in those decisions.

We have held that in order to warrant the granting of a divorce on the ground of extreme cruelty, the marriage relation must be shown to have been defeated by grave and serious misconduct and this should be established by competent evidence of full and satisfactory nature. See Kennedy v. Kennedy, 101 Fla. 239, 134 Sou. 201; Powell v. Powell, 77 Fla. 181, 81 Sou. 105.

The plaintiff not having met the burden required, the decree is reversed with directions that the bill of complaint be dismissed.

So ordered.

THOMAS, C.J., ADAMS and BARNS, JJ., concur.