Action by John W. Morgan against Manolia E. Morgan for divorce. From the judgment, defendant appeals.
Judgment reversed.
Appellee sued appellant for divorce alleging desertion and extreme cruelty, the cruelty consisting of night time nagging and hell raising on the part of defendant in an effort to reform plaintiff's morals and religion. The answer denied the charges but on final hearing the chancellor found them to be sustained by the evidence and granted the divorce. The defendant appeals.
The sole question with which we are concerned is whether or not defendant's nagging was of a degree to constitute extreme cruelty, in that it impaired plaintiff's health and made his life unbearable.
We have combed the record carefully and we do not find a shred of evidence to support the charges against defendant, except that of the complainant. Defendant flatly denied the charges and the inferences that may be reasonably drawn from the evidence tend to support her denial. This court is committed to the doctrine that a divorce will not be granted on the uncorroborated testimony of the complainant. Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; Homan v. Homan, 144 Fla. 371, 198 So. 20; Justice v. Justice,148 Fla. 5, 3 So.2d 508; Garland v. Garland, 158 Fla. 643, 29 So.2d 693.
Appellee attempts to overcome the uncorroborated testimony rule with what he calls corroborating testimony showing that appellant's nagging made it necessary for him to leave home, that it made such inroads on his health that he lost thirty pounds and could not sleep or look after his business property. The same evidence tends to show however, that he weighs approximately 200 pounds, that he left home and secured a room in the home of another man and wife, that said wife and appellee *Page 779 
engaged in business, that they were frequently seen together, that said wife and her husband later engaged in a divorce suit and that when appellee became a citizen of Florida said wife, with her young daughter, visited appellee and spent some time with him.
Granting that everything appellant and appellee say about each other is true, it would be difficult under this state of facts to say whose story the alleged corroborating evidence corroborates. The female of the specie homo is as quick as a spider to sense another woman in the domestic web and few are pious enough to attempt extrication by religious solvents, they resort to more realistic means. The instant case may have been nothing more than one of those platonic friendships that theorists tell us about, but we must decline to accept the evidence relied on to corroborate a nagging charge.
The judgment appealed from is reversed on authority of the cases in this opinion.
Reversed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.