95 So.2d 593 (1957)
Dorothy Louella HOLMES, Appellant,
v.
Charles Edward HOLMES, Appellee.
Supreme Court of Florida, Division B.
June 5, 1957.
Rehearing Denied June 28, 1957.
Horace E. Hill, Daytona Beach, for appellant.
Knee & Koeppel, Miami, for appellee.
TERRELL, Chief Justice.
Charles Edward Holmes sued Dorothy Louella Holmes for divorce alleging extreme cruelty. Defendant answered denying the material allegations of the complaint, cross-claimed for separate maintenance and prayed that the premises known as 2550 N.W. 152nd Terrace, Miami, owned jointly by them be decreed to be hers. At final hearing the plaintiff was granted a divorce, custody of their minor child was granted to defendant and plaintiff was required to contribute $65 per month for its support. Thereafter the premises above described were ordered sold for $500 over the first mortgage and from the purchase price all commissions, brokerage costs, mortgage payments, including an attorney's fee of $150 for defendant's attorney and closing costs be deducted and if there be anything left, it be paid to plaintiff. This appeal is from the decree so entered.
The decree appealed from must be reversed because (1) this court is committed to the doctrine that a final decree of divorce cannot be granted on the uncorroborated testimony of one of the parties. Dean v. Dean, 87 Fla. 242, 99 So. 816; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; Homan v. Homan, 144 Fla. 371, 198 So. 20; Garland v. Garland, 158 Fla. 643, 29 So.2d 693; Martin v. Martin, Fla., 66 So.2d 268; Morgan v. Morgan, Fla., 40 So.2d 778. Aside from the dearth of corroborating evidence to support the decree of divorce, it appears that if the parties are as arbitrary and devoid of responsibility one to the other as their testimony shows them to be, the marital vows must have fallen on parched earth where there was no probability of germination or development into a congenial family relation. (2) It further appears that the chancellor let go his sympathy or imagination without prayer, importunity or suggestion in the complaint to support it and ordered *594 the property owned by the parties by the entireties sold and the proceeds less expenses distributed to the plaintiff. We find nothing in the pleadings or the proof authorizing such a sale and distribution.
The decree appealed from is accordingly reversed with directions to vacate and set aside the decree of divorce and the decree ordering sale of the premises.
Reversed.
THOMAS, ROBERTS and THORNAL, JJ., concur.