102 So.2d 837 (1958)
William MARTIN, Appellant,
v.
Ann Reeaves MARTIN, Appellee.
No. 275.
District Court of Appeal of Florida. Second District.
May 14, 1958.
*838 D.C. Laird and Thomas M. Langston, Lakeland, for appellant.
R.B. Crawford, Jr., Bartow, for appellee.
KANNER, Chief Judge.
The appellant-husband brought suit for divorce against the appellee-wife, charging extreme cruelty. Appellee, after appellant's case had been presented before a special master, moved that the court dismiss the amended complaint because the testimony was wholly insufficient to support the allegations and because there was no corroboration of the ground for divorce. The special master, who had been appointed to make findings and recommendations to the court, found that the appellant had established a prima facie case for divorce on the ground of extreme cruelty and recommended that appellee's motion for dismissal be denied. The chancellor determined that appellant's testimony and proofs were insufficient and that there was no corroboration showing any conduct on the part of appellee that might tend to defeat the marital relationship and thereupon dismissed appellant's complaint. From this ruling the appeal is instituted.
Appellant urges that the testimony was sufficient to authorize a decree of divorce, that there was sufficient corroborative testimony, and that the court erred in ruling contrary to the special master's findings.
The marriage cohabitation between the parties was brief, lasting about forty-eight days. Both are school teachers. There were two witnesses, including the appellant. The substance of the appellant's testimony is that appellee had, prior to the marriage, agreed to apply for a teaching position in Haines City, home of the appellant, but that after the marriage she made no attempt to do so; that immediately after the marriage appellee smoked cigarettes in the presence of appellant's mother whom they were visiting for a few days while enroute to New York City where appellant was to attend summer school, and this despite appellant's request that she not smoke before his mother; that prior to the marriage appellee had agreed to pool monetary resources with appellant in order to finance his summer school expenses, but that after the marriage she refused to do so; that in New York City she would voice a request to go to one place of amusement, such as a concert or the movies, then change her mind and express a desire to go somewhere else; that she said she did not love appellant; that after leaving him in New York City for Florida to attend her mother who became ill, she sent or caused to be sent a telegram which read, "Ann taken very ill didnt know anyone after she talked with you last night have to put her in the hospital. We know you cant come but wanted you to know=Mrs Willie M Morris"; that upon his returning to Florida at the end of his school term, some time later, he found that appellee had not been hospitalized; and that these things greatly affected his health of mind and body, as well as his work.
We are not here concerned with physical violence as the basis of extreme cruelty but rather what the Supreme Court of Florida has recognized as "mental cruelty" as a cause for divorce under the Florida statutory ground of extreme cruelty. Thus the Supreme Court of Florida has interpreted the term "mental cruelty" to mean a course of behavior by one spouse toward the other such as to imperil the mental and physical health of the other to the extent that maintaining and continuing the marriage relationship is rendered unbearable. Burns v. Burns, 1943, 153 Fla. 73, 13 So.2d 599. Furthermore, no divorce will be granted on the ground of extreme cruelty where there is no actual physical violence unless the behavior complained of *839 results in injuries to health or causes cohabitation to be intolerable and unsafe, or unless there are threats of abuse which arouse such reasonable apprehension of bodily violence that to execute marital duties is not practicable. Masilotti v. Masilotti, 1942, 150 Fla. 86, 7 So.2d 132. Nor can mere inconvenience, unhappiness, incompatibility of temperament or disposition which render the marriage relation disagreeable or burdensome establish extreme cruelty. Kellogg v. Kellogg, 1927, 93 Fla. 261, 111 So. 637; Chisholm v. Chisholm, 1929, 98 Fla. 1196, 125 So. 694, and Prall v. Prall, 1909, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577.
The only witness offered by appellant for the purpose of corroboration testified, in effect, that she did not know appellee personally; that she had seen her; that she had not seen appellant since the wedding until he came to Haines City in the fall to teach school, which was sometime after the separation, at which time he appeared to be nervous or upset; and she further testified that she did not know what went on in the marriage that would cause appellant's being nervous or upset.
It has been firmly entrenched in the Florida jurisdiction that the uncorroborated testimony of a plaintiff in a divorce action, without more, is not sufficient to support a valid decree of divorce. Dean v. Dean, 1924, 87 Fla. 242, 99 So. 816; Morgan v. Morgan, Fla. 1949, 40 So.2d 778; Martin v. Martin, Fla. 1953, 66 So.2d 268; Garland v. Garland, 1947, 158 Fla. 643, 29 So.2d 693, and Holmes v. Holmes, Fla. 1957, 95 So.2d 593. What will amount to a sufficient corroboration of the cause of action must be determined by the circumstances of each case. Martin v. Martin, Fla. 1953, 66 So.2d 268. However, it is not required to corroborate every detail of the testimony of the party seeking the divorce; corroboration is sufficient if it is consistent with the testimony of the party seeking the divorce and tends to satisfy the impartial and reasonable mind that such testimony is true. Chisholm v. Chisholm, 1929, 98 Fla. 1196, 125 So. 694. Also see on subject of corroboration of testimony 10 Fla.Jur., section 40, pages 453 and 454. The proof appellant offered in his capacity as a witness does not fulfill the basic requirements constituting extreme cruelty, nor does the evidence of the single witness meet the underlying tenet of corroboration.
The next question to be considered is whether the chancellor should have disregarded the findings of the special master since he was appointed to make findings and recommendations. Where a special master is appointed with authority to make findings of fact, conclusions of law, and recommendations, his findings and recommendations should be sustained and adopted by the chancellor unless they are clearly erroneous or unless the master has misconceived or misapprehended the legal effect of the evidence. A master's findings are clearly erroneous where the record fails to contain evidence in support of them which is both competent and substantial. Frank v. Frank, Fla. 1954, 75 So.2d 282. Thus the chancellor met both of the requirements stated because it appears that the findings and recommendations were not only clearly erroneous but that the master had misconceived the legal effect of the evidence.
A divorce proceeding runs a three-sided course, with avenues of approach from the perspective of the wife, of the husband, and of the state. The state is a party in interest since the public welfare is involved. The perspectives of the wife and of the husband are personal in nature; that of the state has as its focal point the welfare of the public. This objective viewpoint of the state carries the recognition that the distinction between the marriage agreement and other contracts involves a basic sociological institution vital to public weal, since solidarity of the home and family are founded upon sanctity of the marriage vows. See Gallemore v. Gallemore, 1927, 94 Fla. 516, 114 So. 371, and Potter *840 v. Potter, 1931, 101 Fla. 1199, 133 So. 94. So it is that the power of dissolution of the marital status which is vested in the courts carries a responsibility which imposes upon the courts the duty of searching closely and discerningly each divorce proceeding to the end that no violation of this power may eventuate. The applicable law must govern solely in determining whether there is sufficient cause for divorce, and it is incumbent upon the courts to deny decree of divorce unless both the allegations and validity of the evidence establish a ground for divorce under the governing statute. Hancock v. Hancock, 1908, 55 Fla. 680, 45 So. 1020, 15 L.R.A.,N.S., 670; and Chisholm v. Chisholm, 1929, 98 Fla. 1196, 125 So. 694.
The chancellor was correct and accordingly the decree is affirmed.
ALLEN and SHANNON, JJ., concur.