STURGIS, Judge.
The plaintiff-husband in a suit for divorce on the ground of desertion appeals from a final decree which, upon the pleadings and proofs adduced before the chancellor, dismissed the complaint with prejudice.
For reversible error, appellant contends: (1) That the uncontradicted evidence conclusively established his claim for divorce on the ground of desertion; (2) that it was the duty of the trial court sua sponte to strike defendant’s answer as being in violation of Rule 1.5, Florida Rules of Civil Procedure, 30 F.S.A., and Art. II, Sec. 2, Integration Rule of the Florida Bar, 31 F. S.A.; (3) that the chancellor’s cross-examination of the appellant was highly prejudicial.
The proofs are susceptible to the findings of the chancellor, as recited by the decree in question, to the effect that from the plaintiff’s own testimony it appears that the separation of the parties resulted from a mutual agreement that was designed to enable plaintiff to build up his financial ability to properly support his family, and that soon thereafter plaintiff encountered an accident which imposed heavier financial burdens upon him and as a result of which he contended that he could not afford to pay as much as $7.50 per week toward the support of a child of the marriage. During their separation plaintiff has lived in the home of his mother in Jacksonvillle, Florida, and de *694 fendant has lived in Portsmouth, Virginia, there supporting herself and the child. Aft-ter pointing out that the evidence failed to show when, if ever, the plaintiff made known to the defendant that he was ready, able and willing to provide the defendant, and their child, with a suitable home in which the family could reside, the decree recites:
“In the absence of such testimony, the court advised plaintiff’s counsel that the existing testimony did not measure up to the requirements of law to support a divorce decree; however, in recognition of the testimony of plaintiff, and his mother, to the effect that they were in possession of unproduced letters which would corroborate their contention that defendant refused to live with plaintiff, the court advised plaintiff’s attorney that it was willing to reopen the hearing and permit plaintiff to introduce such letters, or other pertinent testimony, as they felt could strengthen their case, but instead of taking advantage of such opportunity plaintiff’s attorney advised the court that the plaintiff ‘is not in a position to produce the letters from the defendant which he and his corroborating witness, his mother, referred to in their testimony * * * nor to offer any further proof of the material allegations of his complaint.’ Accordingly, the court is driven to the conclusion that the testimony is insufficient to support the plaintiff’s alleged, wilful, obstinate and continuous desertion of him by the defendant for the full period of one year preceding the filing of suit herein.”
These findings of fact are entirely consistent with the testimony, and under elemental principles will not be disturbed on appeal.
Defendant’s answer is signed by Will-iam T. Parker as counsel, whose address is given as 311 Colony Theatre Building, Portsmouth, Virginia. Plaintiff made no attack upon his authority to represent the defendant, nor is there anything in the record reflecting that he is not qualified to practice law in Florida. It is not incumbent on the trial court to search out the qualifications of those who appear as counsel for parties litigant. In the absence of affirmative action by the parties in interest it will be presumed that counsel of record are entitled to practice before the court in which they appear. Where, as in this case, the question is not presented to the trial court by a party in interest, the disqualification, if any, is presumed to be waived.
The chancellor conducted a somewhat extensive examination of the appellant in respect to matters put in issue by the answer of the defendant, who failed to produce any testimony at the hearing and was not present in person or by counsel. The state is an interested party in all divorce proceedings, especially where minors are involved. In ex parte divorce proceedings the chancellor enjoys a wide discretion and latitude of examination of witnesses so as to discover the truth of the matter. In a court of equity the rights of litigants and other persons in interest who are not present deserve the active tender consideration of the presiding officer.
The appellant having failed to demonstrate error, the decree is
Affirmed.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.