PEARSON, Judge.
The plaintiff wife appeals from a final decree denying her prayer for a divorce. When the case was orally argued here the attorney for appellee anounced that he agreed with attorney for the appellant that the decree should be reversed. He further informed the court that a property settlement had been reached between the parties and that it was his opinion that the best interests of society and the litigants would be served by the entry of a decree of divorce.
Inasmuch as a decree of divorce may not in this state be entered upon the stipulation of the parties, we may not determine an appeal by directing that a divorce be entered upon the stipulation of the parties. This is true because the state is a party in interest to a divorce and the public welfare is involved. See Martin v. Martin, Fla. App.1958, 102 So.2d 837, 839, 840 and cases therein cited.
We have therefore examined the record in the light of the arguments advanced in appellant’s brief to determine if reversible error has been demonstrated. Three points, as follow, are presented:
“Point 1. In order to warrant the denial to the plaintiff of a divorce sought on grounds sufficiently established for the Court to have found the defendant at fault, a defense of recrimination must be pleaded and competently proven and must establish the guilt of the plaintiff of conduct equally culpable and of a nature and degree sufficient itself to be grounds for divorce.
“Point 2. The plaintiff-wife’s character and reputation for morality were not in real issue under the pleadings and the Court erred in admitting evidence impugning same including evidence of reputation for morality which the Court itself elicited after general objection had been raised to such evidence.
"Point 2. The Court misapprehended the weight and legal effect of the evidence in finding that the plaintiff was at fault and was more at fault than the *166 defendant, that she could have salvaged her marriage if she had so desired by not being as rebellious and strong minded about the conduct, and that she had failed to sustain the allegations of the bill of complaint, and the Court erred in dismissing the plaintiff’s complaint and denying her the relief prayed by her.”
In order to properly understand appellant’s first point it is necessary to set forth the findings of the chancellor in the final decree. They are:
“This cause came on to be heard on final hearing for divorce on complaint and answer and the court having heard the testimony of the parties; their witnesses, and having heard from counsel for the respective parties is of the opinion that the testimony reveals the following:
“The discord existing between the parties is of such a nature that both parties are at fault and that the plaintiff is more at fault than the defendant.
“That the plaintiff could have salvaged this marriage if she had so desired by not being as rebellious and strong-minded about her own conduct and that the plaintiff has failed to sustain the allegations of her bill of complaint.”
Appellant’s first point assumes that the chancellor could have reached, his decision to deny the plaintiff-wife a divorce only upon a mistaken application of the doctrine of recrimination. It is true that this doctrine has a very limited application in the State of Florida. See Stewart v. Stewart, 158 Fla. 326, 29 So.2d 247, 170 A.L.R. 1073. But it is not necessary for us to determine the effect of the doctrine in this case, because the chancellor’s findings resolve themselves into his conclusion that the plaintiff has failed to sustain the allegations of her complaint. The recitation that the wife is more at fault than the husband and that she contributed by her own conduct to the conduct of the husband of which she made complaint is readily susceptible to the meaning that as plaintiff she failed to prove grounds for divorce because she engendered and aggravated the marital trouble of which she complains. Cf. Benson v. Benson, Fla.App.1958, 102 So.2d 748, 751. A review of the record reveals evidence which if believed by the chancellor affords an adequate basis for'this finding.
Plaintiff’s point two is not supported by an assignment of error directed to any ruling of the chancellor. The third point questions the sufficiency of the evidence to support the decree and as already indicated we find that point not well taken.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.