STURGIS, Judge.
This is an appeal from a final decree of divorce in favor of the husband which by *278 implication denied the wife’s counter-claim for separate maintenance. Reversal is sought on the material ground that the decree is not supported by the evidence.
The husband’s complaint charged the wife with extreme cruelty and desertion, apparently on the theory that it was constructive in character. Her counter-claim for separate maintenance charged him with extreme cruelty and prayed, inter alia, for custody of their three minor children and to be awarded a sum of money for their support, as well as for her own. The decree found that the equities were with the husband on the issue of divorce, but does not elaborate thereon. It does, however, award the custody of the children to the wife, provides a monthly sum to be paid by the husband to the wife for their support, and awards to the wife “the marital abode of the parties in Norfolk, Virginia, and the furniture therein * * * in lieu of alimony.”
The husband, a native of Florida, after serving twenty-three years in the United States Navy retired in February 1959 with a net retirement income after taxes of $268.50 per month. At the time of divorce he was earning $50 per week in civilian employ. The parties were married May 12, 1941. They have three children all of whom are minors living with their mother in the family home at Norfolk, Virginia, title to which was taken in 1945 in the name of the wife. This suit was filed July 13, 1959.
On the question of desertion, the husband testified that on several occasions during his term of military service his wife refused to give up the Norfolk home and come to live with him at various places where he was from time to time stationed. It is clear, however, that the refusals on these occasions did not trigger the alleged desertion. This is so because he further testified that after he retired from service on February 1, 1959, he visited the family home at Norfolk in an unsuccessful effort to get his wife to move to Florida; that he returned to Florida and again, in May 1959, visited her in Norfolk for like purpose and with the same result, saying, “I stated to her I was moving to Florida after retirement and she refused to leave Norfolk and that is it.” He then returned to Florida and in July commenced this suit. It is therefore apparent that assuming constructive desertion commenced in May 1959, it was not continuous for a period of one year immediately prior to the filing of this suit. It further appears that on December 23, 1959, when being interrogated by the court, the husband first testified that he last cohabited with his wife in February of 1957; later that he cohabited with her iii July of 1958; and immediately supplemented that testimony with the statement that “after that I took a few days off at Christmas-time last year and lived with her last Christmas.” The court inquired, “1958?” and he answered, “Yes, sir. I explained to her my intention to retire. I had received a favorable answer from the Bureau and the date had been set for retirement and the date was set for September 1st and that is when the question concerning Florida came up.” It is evident under his version of the facts that constructive desertion, willful and obstinate in nature, was not continuous for the required statutory period of one year immediately prior to commencement of suit. The proofs are therefore insufficient to support a decree of divorce on the ground of desertion.
Turning now to the charge of extreme cruelty, it was alleged, in substance, that the defendant had been extremely cruel to the plaintiff “in many ways too numerous to recount”; that the defendant, without cause or justification, constantly provoked baseless quarrels with plaintiff and against his wishes “incurred useless and unnecessary debts.” It was further alleged that on one occasion (the date was not stated but it was developed by the evidence that the alleged facts transpired years prior to the time when, according to plaintiff’s testimony, he last cohabited with the defendant) plaintiff’s father and sister visited *279 the family home at Norfolk, Virginia, at a time when he was absent therefrom; that at approximately 7:00 p. m. on the second night of the visit the defendant wife absented herself from the home, leaving the children in the custody of plaintiff’s father and sister, and did not return home until approximately 3 :00 a. m. the next morning, at which time she falsely stated to the father of the plaintiff that she had gone to a doctor’s office with a friend. It is further alleged that on another occasion (also developed as having transpired long prior to the last time the parties cohabited with each other) plaintiff arrived home after a cruise of approximately two months at sea and found the defendant absent; that she later phoned that instead of coming home she was going to stay at a certain shopping center and bum around with a certain divorcee, whereupon the plaintiff went back to his ship without seeing his wife. It is further alleged that on certain occasions persons who at the instance of the defendant held charge accounts against plaintiff complained to the United States Navy of nonpayment, and that such debts “were not incurred for necessities and were incurred without the knowledge or consent of the plaintiff.” It is further alleged that in 1953 defendant refused to join and make a home for the plaintiff in Key West, Florida, where he was in service; that on other occasions she refused to live with him in various other places in the United States, and has informed him that she will not live with him at any place other than Norfolk, Virginia; that due to plaintiff’s “military commitments and due to employment since being relieved of his duties to the United States Navy it has not been convenient to him to live in Norfolk, Virginia.”
The sufficiency of these allegations to state a cause of action for divorce on the ground of extreme cruelty was not challenged. The State is treated as having an interest in domestic affairs. In recognition thereof we are strongly inclined to seriously question the adequacy of the complaint in that behalf, as we have the power to do regardless of the fact that it has not been questioned by the defendant or by the trial court. We have taken no action thereon because we find another basis for the disposition of this appeal.
It would serve no useful purpose to recite the evidence in detail. Suffice it to say that considered as a whole, and interpreting it in the light most favorable to the appellee-husband, the assumption is inescapable that the chancellor’s finding in favor of plaintiff on the issue of divorce is predicated on the theory that refusal of a wife to take up her residence at the place of residence of the husband in itself constitutes extreme cruelty, and that divorce was granted on that basis. We find no Florida case supporting that proposition, though it is clear that under such circumstances and where the refusal is willful, continuous and obstinate for the statutory period of not less than one year immediately prior to the commencement of the action, divorce would be available to the injured party on the ground of desertion.
It is the rule that divorce will not be granted upon the uncorroborated testimony of the complaining party. In this case plaintiff’s sister is the only witness presented by plaintiff for that purpose. Her testimony, however, is inadequate to satisfy the rule. Considered in its entirety, the evidence adduced on behalf of the plaintiff husband stands woefully deficient as compared to that on behalf of the wife supporting her counter-claim; so much so that we find it difficult to assess the apparently contradictory conclusions of the chancellor in granting the custody of the children, who are no longer of tender age, to the wife, in providing payments to be made to the wife for their support and maintenance, and in awarding the wife an interest in certain property in lieu of alimony, and yet granting divorce to the husband.
*280 Our holding that the facts are insufficient to establish a right to divorce on the part of the husband is not to be construed, however, as holding that the evidence requires a decree in favor of the wife on her counter-claim for separate maintenance. As to the counter-claim, the burden of proof was upon the wife to establish a right to such relief. By implication the decree entered by the chancellor finds against the wife on her counter-claim and we cannot say that it was error to so hold under the disputed facts herein. For example, although, as we have held, the husband’s proofs are insufficient to establish desertion by the wife — the statutory time element being absent — it does not follow that the wife may refuse to make a reasonable effort to join her husband and make a home for him, yet require him under the law to provide maintenance for her elsewhere. It is the natural prerogative of the husband as the breadwinner to designate the location of the home. The story of Ruth in holy writ and her statements to her mother-in-law on this phase of marriage and its obligations have special significance to circumstances such as are involved in this case.
That part of the final decree which finds the equities to be with the appellee on the issue of divorce and grants divorce to the appellee is set aside. The denial of appellant’s counter-claim for separate maintenance is affirmed.
Reversed in part, affirmed in part.
CARROLL, DONALD K., concurs.
WIGGINTON, J., concurs in part, dissents in part.