PER CURIAM.
Two orders adverse to defendant wife entered by the chancellor as the result of a domestic relations suit comprise the subject here sought to be resolved through interlocutory review. Service of process by publication pursuant to statutory .requirement of section 48.04(3) (c), Florida Statutes, F.S.A., was the method utilized to effectuate process. Basis for the process was that the wife, a resident of Martin County, Florida, was concealing herself so that process could not be served upon her.
An unsworn motion to dismiss was filed by defendant, alleging that the court lacked jurisdiction over the subject matter of the suit and over the person of defendant and asserting insufficiency of the process upon her. Upon hearing, the chancellor denied the motion, pointing out that it was not sworn to nor supported by any evidence produced before the court. It was further ordered that defendant should have ten days from entry of the order “within which to further plead.” Within the specified ten days, defendant again filed motion to dismiss, similar in content to the former motion, but sworn to by the attorney. Plaintiff then moved that the court strike the motion to dismiss and enter decree pro confesso, predicated upon defendant’s having filed no answer nor defense other than another motion to dismiss, identical to the one previously filed and denied. The court struck the motion to dismiss and entered decree pro confesso against defendant wife. Defendant protests the denial of the initial motion, the striking of the subsequent motion, and entry of the decree pro confesso.
As to the process, proof of the publication was not filed, but the record filed by defendant wife contains only the allegations which form the predicate for issuance of the process for constructive service. Of themselves, these appear to satisfy the statutory requirements. There is no evi-dentiary matter revealed by the record here to sustain defendant’s contention of lack of jurisdiction or insufficiency of process.
With reference to the decree pro con-fesso, plaintiff husband in his brief expressly offers to have it vacated, as follows :
“The Appellee, however, hereby agrees that any time prior to entry of a final decree in this cause the Appel-lee will stipulate with the Appellant to have the decree pro confesso entered in this cause vacated so that the Appellant may plead to the merits of such cause * *
This case of marital discord, brought on the ground of extreme cruelty and seeking dissolution of marriage vows entered into 'between the parties about fourteen years ago, involves the further distressing problem of custody of two children, a boy eight years of age and a girl of two. Plaintiff husband has freely vouchsafed that the decree pro confesso be set aside. In the interest of public welfare, the state becomes a third party to any divorce proceeding. From the objective position of the state and its concern for stability of marriage and family, a court’s power to dissolve a marriage carries the responsibility for close scrutiny before so serious a matter as divorce and custody should be resolved. See Martin v. Martin, Fla.App.1958, 102 So.2d 837. The husband having proposed the vacating of the decree pro confesso, the setting aside of it for the purpose of hearing the cause on its merits would afford the chancellor an opportunity to make a searching judicial analysis so *290 that he could more discerningly arrive at his decision.
Accordingly, the portion of the order entering the decree pro confesso should be set aside and the chancellor should thereupon grant defendant a reasonable period in which to file an answer on the merits of the cause.
Affirmed as modified.
SHANNON, C. J., and KANNER and WHITE, JJ., concur.