## GRAU v. GRAU.
No. 65-C-458.

Circuit Court, Dade County.

July 7, 1965.

Jonathan E. Ammerman, Miami, for plaintiff.

Beigel, Albert, Weiss & Lyons, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

*Final decree of dismissal*: This cause came on to be heard upon final hearing on the complaint for divorce filed by the plaintiff wife, Amelia De Grau, and the answer filed by the defendant husband, Rafael A. Grau, Sr., in which the material allegations of the complaint were denied. After careful consideration of the testimony of the various witnesses and exhibits produced on behalf of the parties, the pleadings, and oral argument of counsel for the respective parties, the court finds — (a) that the equities of the cause are with the defendant husband, and (b) that the plaintiff wife has failed to establish by competent proof the ground of extreme cruelty alleged by her in the complaint.

The parties were married in Barranquilla, Colombia, February 21, 1948, and are the parents of two sons, 12 and 11 years of age. The testimony is uncontradicted that the parties have, at all times during the pendency of these proceedings, continued to reside with their children in the same home that they had always occupied, that the husband continues to support the family in substantially the same manner which he had prior to the filing of this complaint, and that in all respects the parties maintain the outward facade of an unchanged relationship. The husband contends that he loves his wife and family and does not want this divorce in spite of the fact that his wife has recently ceased to cook his meals and stopped sharing his bed last September.

Examination of the wife's charges of cruelty against the husband and the testimony offered to substantiate these charges clearly demonstrate the inadequacy of proof necessary to entitle the plaintiff wife to the relief sought.

It has been consistently held by the appellate courts of Florida that the state has a vital concern in the preservation of the marital relation and that, in reality, the state is a third party to any divorce proceeding in the interest of public welfare. Hancock v. Hancock (1908), 55 Fla. 680, 45 So. 1020; Potter v. Potter (1931), 101 Fla. 1199, 133 So. 94; Walker v. Walker (1960), Fla., 123 So.2d 692; Fisher v. Fisher (1961), Fla., 134 So.2d 277. A stern responsibility has been imposed upon the chancellor in domestic litigation to scrutinize with extreme care the pleadings and proof presented to him where the question of custody of minor children is involved. Wall v. Wall (1961), Fla., 134 So.2d 288.

The complaint charged the defendant with extreme cruelty in that he (1) kicked and struck the plaintiff in September, 1964, (2) talked to an unidentified woman on the extension phone in their home in December, 1964, and stated that he ". . . was going to put the plaintiff and her minor children out of their home without any support whatsoever," and (3) that he left the plaintiff and their children alone for 24 hours on Christmas Day 1964.

The plaintiff abandoned item (3) and offered no testimony at the trial on this charge of cruelty. Items (1) and (2) were uncorroborated as required by law, Dean v. Dean (1924), 87 Fla. 242, 99 So. 816; Morgan v. Morgan (1949), Fla., 40 So.2d 778; Holmes v. Holmes (1957), Fla., 95 So.2d 593; Rogers v. Rogers (1962), Fla., 139 So.2d 752; Fisher v. Fisher (1961), Fla., supra, and were denied by the husband.

The husband's explanation of the telephone call to the unidentified woman was that she was a mutual friend of the parties, familiar with the problems he was experiencing with relatives living in the home of the parties and urging the wife to seek a divorce, and that his statement to this mutual lady friend was that he was going to get rid of his *relatives* and put them out of the home. The husband testified further that it was never his intention to put his wife and children out of the home. This statement is substantiated by the husband's conduct during the pendency of these proceedings and demeanor at the trial. The foregoing explanation offered by defendant husband was not rebutted by the wife. There is no evidence of violent quarrels, fights, arguments or any of the usual indicia of serious marital incompatibility.

Considered in its entirety, the evidence adduced by the plaintiff wife fails to establish the allegations of her complaint. The court is convinced that the only problem with this marriage of 16 years is the presence in the home of the relatives of the wife who constantly urge her to obtain a divorce.

It is therefore ordered, adjudged and decreed that the complaint filed herein be and it is hereby dismissed with prejudice. The defendant, Rafael A. Grau, Sr., is hereby directed to pay to Jonathan Ammerman, attorney of record for the plaintiff wife, the additional sum of $175, final attorney's fees for his representation of the wife in this matter.