LILES, Acting Chief Judge.
This is an appeal from a final decree of divorce entered in favor of appellee, plaintiff below,
Plaintiff, Sylvester J. Doyle, filed a suit for divorce against appellant Ethel C. Doyle, defendant below, alleging extreme cruelty and conversion of jointly held assets. Defendant filed her answer and counterclaimed for alimony unconnected with divorce.
Plaintiff and defendant were married on September 4, 1933, and had lived in Venice, Florida, for approximately five years prior to the commencement of this action. At the time of the trial plaintiff was 72 years of age, and defendant was 61. It appears from the testimony that the marriage had deteriorated to the point where the plain-' tiff husband had consumed alcoholic beverages excessively, had refused to be responsible for defendant’s personal expenses, had cancelled his Blue-Cross insurance policy and had refused to pay wife’s hospital bill.
Defendant had taken a job earning approximately $44.00 per week. In addition to the home which was owned as tenants by the entirety, the parties had two joint savings accounts in the amount of $15,000 and jointly held government bonds in the amount of $9,000. Prior to the commencement of the suit, plaintiff changed one of the savings accounts to his name as trustee for defendant. Defendant had changed the ownership of the other account and the bonds to her sole name. At the conclusion of the testimony the chancellor awarded plaintiff a divorce and ordered defendant to deliver half the bonds to plaintiff or pay him $4,500.
Defendant has attacked the chancellor’s order granting plaintiff a divorce on the ground that plaintiff failed to corroborate his allegations of extreme cruelty. We find error and reverse.
It is well settled in this state that the uncorroborated testimony of a plaintiff in a divorce action, without more, is not sufficient to support a valid decree of divorce. Martin v. Martin, 102 So.2d 837 (D.C.A.Fla.1958); Holmes v. Holmes, 95 So.2d 593 (Fla.1957); Morgan v. Morgan, 40 So.2d 778 (Fla.1949). In the instant case plaintiff testified himself and called defendant as an adverse witness. This was the only testimony offered by plaintiff to support his charges of “extreme cruelty.” The only testimony which corroborated plaintiff’s own story was defendant’s acknowledgment that she changed the ownership of the bonds and one savings account. This by itself certainly does not amount to extreme cruelty by defendant toward plaintiff such as would imperil his mental and physical health or which would result in injuries to health or cause cohabitation to be intolerable and unsafe. Cf. Martin v. Martin, 102 So.2d 837 (D.C.A.Fla.1958). We have meticulously searched the record and find it void of any testimony or other. evidence which even tends to corroborate plaintiff’s testimony as to defendant’s alleged cruelty. The cause must be reversed and remanded for plaintiff’s failure to support his grounds for divorce.
Having remanded the cause for lack of corroborated testimony, we make no comment on the chancellor’s failure to grant defendant’s requested relief.
HOBSON, J., and HODGES, JOHN G., Associate Judge, concur.