SWANN, Judge.
The plaintiff below, Luisa Victoria Sim-kins, appeals from a final decree of divorce *649 granted to her husband, Lepn J. Simkins, defendant below.
The wife raises four separate points foi reversal on appeal. The first point is predicated upon the chancellor’s having granted the final decree of divorce solely upon the uncorroborated testimony of the defendant husband.
The record reveals that after sole testimony of the husband was introduced, the chancellor made the following statement:

“I. don’t think he has shown any grounds, that I am willing to accept at all, but I am going to divorce them. They both want it, don’t they ?”

There was no corroboration of any of the husband’s testimony concerning his grounds for divorce. The wife attempted to offer testimony to rebut that submitted by the husband, but the court refused to allow it into the evidence.
The law is well settled that a divorce may not be granted on the uncorroborated testimony of the parties seeking the divorce. Martin v. Martin, Fla. 1953, 66 So.2d 268; Morgan v. Morgan, Fla. 1949, 40 So.2d 778; Garland v. Garland, 158 Fla. 643, 29 So.2d 693 (1947); Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933); Lentz v. Lentz, Fla.App. 1960, 120 So.2d 815.
The final- decree therefore must be reversed, inasmuch as the record reveals insufficient testimony of the husband to establish grounds for divorce, and because there was no corroboration whatsoever of his testimony.
This ruling makes it unnecessary for us to decide the second and third points raised, which concern primarily the alleged inadequacy of the alimony and support for the minor children granted in the final decree. These may be re-examined and properly . determined by the chancellor upon remand.
The last point raised by the wife concerns the denial by the chancellor below of certain expenses incurred by her for the services of private investigators, which she claims were necessary to defend herself against the charges made by the husband and to properly prepare her case against the husband.
It is our opinion that the chancellor had authority to award “suit money” to the wife within his discretion.[1] We are not convinced that the chancellor clearly abused his discretion in denying suit money to the wife for this purpose and we therefore do not find that reversible error was committed by the chancellor in this regard.
For the reasons stated, the final decree of divorce herein appealed be and the same is hereby affirmed in part and reversed in part and remanded for further action consistent herewith.
It is so ordered.

. Section 65.07, Florida Statutes, F.S.A.