LILES, Chief Judge.
Plaintiff brought this suit seeking a divorce on grounds of extreme cruelty in the Circuit Court in and for Sumter County. Defendant answered and counterclaimed for separate maintenance and support, and custody of the minor children of the parties. A final decree was entered by the trial judge granting plaintiff an absolute divorce from defendant, awarding defendant alimony and custody of the minor children, and providing other relief not relevant to this appeal. Defendant appeals, charging that the chancellor erred in granting the divorce, a vinculo matrimonii, to the plaintiff.
This suit has been strongly and ably contested from start to finish. Yet, it is true that the amount of corroborative testimony produced by the complainant at the trial was slight. Consequently, the question that must be resolved by this court is whether or not the chancellor erred in granting the plaintiff a divorce in light of the testimony of the parties adduced at the trial and the corroborative value of the testimony of other witnesses.
The Florida version of the corroboration rule is that a divorce may not be granted unless the testimony of the complaining party is corroborated by other evidence. Morgan v. Morgan, Fla.1949, 40 So.2d 778; Clutter v. Clutter, Fla.App. 1968, 207 So.2d 499; Martin v. Martin, Fla. App.1958, 102 So.2d 837; 3 Nelson, Divorce and Annulment § 26.13; 3 U.Fla.L.Rev. 125 (1950). The harshness of the rule has been minimized, however, by the sensible position taken by the courts of this state that corroboration need only be slight in contested divorce cases. Bradford v. Bradford, Fla.App.1967, 204 So.2d 344; Clutter v. Clutter, Fla.App.1965, 171 So.2d 544; Dings v. Dings, Fla.App.1964, 161 So.2d 227.
The corroboration rule is predicated upon two ancient and independent doctrines. The first, born of English ecclesiastical law provided that the uncorroborated confession of a divorce respondent was insufficient to support a judgment. 7 Wigmore, Evidence § 2067 (3d ed. 1940). (Apparently the doctrine was first articulated in Canon 105 of the 1603 Convocation of Canterbury, where certain canons were adopted by the assembled Church of England and ratified by the King.) The rule was directed toward preventing collusion, and the resultant easily obtained divorces, and for this reason it applied only to respondents and not to complainants.
The second doctrine upon which the corroboration rule is based was of Roman origin. The later Roman law, probably as far back as the reign of the Emperor Constantine, required at least two witnesses to prove any fact. The requirement was spawned by the long obsolete theory of oath taking. According to this *308 theory, the probative force of a witness’s testimony depended solely upon his repetition of an oath of veracity — a verbal formula — and not upon the actual credibility of his testimony. 7 Wigmore, Evidence § 2032 (3d ed. 1940); Note, 52 Co-lum.L.Rev. 621 (1952). As Would be expected, the rule of numbers was likewise directed toward the prevention of collusion, but it disappeared entirely from the common law courts along with the entire principle of equating veracity with the quantity of witnesses.
After these two doctrines had lost their precedential value, a judicially introduced rule, providing that the testimony of the complainant alone and without corroboration was insufficient, came into being. Wigmore, supra § 2046. The rationale again was to prevent collusion. 24 Am. Jur.2d, Divorce and Separation § 382(1966). The vast majority of jurisdictions, however, rejected this inflexible doctrine and held that in the absence of legislation to the contrary, there was no hard and fast rule requiring corroboration. See Anno., 15 A.L.R.2d 173.
In Florida we have avoided this inflexibility by holding that in contested divorce cases there need only be slight corroboration with respect to the grounds for divorce. We affirm that holding today. From a review of the cases it would seem that Florida courts, instead of abandoning the principle of corroboration in contested divorces, have achieved the same result by using language to the effect that because the chancellor observed the parties and heard the testimony his decision is not to be overturned in the absence of a clear abuse of discretion. Thus, for all intents and purposes we have abandoned the doctrine requiring strong corroboration of grounds in contested divorces. Indeed, from a practical standpoint the need for corroboration is questionable in these circumstances.’ The evil to be. guarded against is the possible collusion of the parties. But where an action is strongly contested, collusion cannot be reasonably implied, and the reason for the rule does not exist.
We are not at this time saying that there should not be corroboration. Rather, we are following the doctrine that corroboration of grounds need only be slight in contested cases. We have carefully reviewed the other questions raised by the parties and found them to be without merit. For these reasons the decree appealed from is, therefore, affirmed.
HOBSON and MANN, JJ., concur.