OWEN, Judge.
In a suit for alimony unconnected with divorce a final judgment was entered favorable to the wife, requiring the husband to pay weekly support payments and attorneys’ fees and costs to the wife. The husband appeals contending that there was insufficient corroboration by the wife of any wrongdoing on the part of the husband.
Plaintiff’s complaint alleged that the defendant husband was guilty of extreme cruelty. In order to obtain relief under Section 61.09, F.S. 1967, F.S.A., on the grounds of a cause of divorce existing in favor of the wife, the wife must allege and prove such grounds to the same extent as would be required for the granting of a divorce should she ask for it.[1] Since a divorce may not be granted upon the uncorroborated testimony of the complaining party[2] it follows that the same rule would apply in a suit for separate maintenance when based upon a cause for divorce. However, such corroboration need only be slight in contested divorce cases.[3]
In this case the parties married in 1962. The wife was then 47 and entering her fifth marriage, the four prior marriages ending in divorce. The husband was then age 80, entering his second marriage, the *24 first having terminated by the death of his wife to whom he had been married 47 years. After five years of this marriage the parties separated and the wife brought this action. Plaintiff testified that she and defendant had a fight immediately prior to the separation during which defendant kicked her. A color photograph disclosed a bruise mark on plaintiff’s buttock which she claimed was caused by defendant’s kicking her. Defendant admitted the scuffle but denied kicking the plaintiff, insisting that he was simply defending himself from her unprovoked attack when she arrived home at approximately 1:00 a. m. in the morning. Plaintiff was some 30 years younger and 30 pounds heavier than defendant, who at that time was age 85 and weighed 150 pounds. Plaintiff described a quarrel between the parties approximately one year before they separated, and then testified as to an occurrence three years prior to the separation in which defendant had seized her by the neck. This latter incident, occurring three years prior to the separation, was the only one corroborated by a witness.
Assuming that the plaintiff’s testimony established conduct on the part of defendant which would entitle plaintiff to1 a divorce on the grounds of extreme cruelty, we are of the view that the corroboration of the single incident occurring three years prior to the separation is insufficient corroboration of the plaintiff’s cause of action.[4]
Appellant questions the award of attorney’s fee to the wife’s attorney. The wife’s need and the husband’s ability are not disputed. The wife was entitled to an award of attorney’s fees under the statute,[5] and the amount awarded does not appear to be an abuse .of discretion.
That portion of the final judgment awarding plaintiff attorney’s fees and costs is affirmed; in all other respects the final judgment is reversed.
Affirmed in part, reversed in part.
CROSS and McCAIN, TJ., concur.

. Daniel v. Daniel, Fla.App.1965, 171 So. 2d 180; Poerschke v. Poerschke, Fla.App.1959, 114 So.2d 30.

. Holmes v. Holmes, Fla.1957, 95 So.2d 593; Martin v. Martin, Fla.1953, 66 So.2d 268; Morgan v. Morgan, Fla. 1949, 40 So.2d 778; Fisher v. Fisher, Fla.App.1961, 134 So.2d 277; Martin v. Martin, Fla.App.1958, 102 So.2d 837.

. Hillyard v. Hillyard, Fla.App.1968, 212 So.2d 306; Dings v. Dings, Fla.App. 1964, 161 So.2d 227.

. Clutter v. Clutter, Fla.App.1968, 207 So.2d 499; Lentz v. Lentz, Fla.App. 1960, 120 So.2d 815; Martin v. Martin, Fla.App.1958, 102 So.2d 837.

. Dawson v. Dawson, Fla.App.1964, 164 So.2d 536.