PER CURIAM.
This is a consolidated appeal arising out of a contested divorce suit. Appellant Joyce Mufson was the defendant in an action for divorce brought by appellee Raymond Mufson. She filed a counterclaim for separate maintenance. She seeks review of a final judgment of divorce granted to her husband which, inter alia, divided joint property, and awarded alimony and child support for each of their four children; she also seeks review of an order correcting typographical errors in the final judgment.
The appellant contends: that her husband’s testimony as to the grounds for divorce was uncorroborated and therefore the trial court erred in granting her husband a divorce and denying her separate maintenance; that the court erred in granting her husband a divorce and denying her counterclaim for separate maintenance on the ground of condonation; and that the alimony of about $400.00 per month and a total of about $400.00 child support is insufficient.
Appellant’s argument that testimony to establish grounds for divorce was not corroborated is not supported by the record. We cannot agree with appellant that there was no corroboration, even though we find the corroboration to be slight.
Here the chancellor observed the parties and heard the testimony, so that his decision will not be overturned in the absence of a clear abuse of discretion. Hillyard v. Hillyard, Fla.App.1968, 212 So.2d 306, states that in contested divorce cases there need only be slight corroboration with respect to the grounds for divorce. The court in Hillyard, supra, as in the case sub judice, rejected the wife’s claim that error had been committed in granting the husband a divorce, where she had counterclaimed for support and maintenance, and the corroborative evidence was slight. In that case, as in this case, the suit was strongly and ably contested, and the evidence was conflicting. We therefore find that the grounds for divorce were sufficiently established.
As to condonation, again the evidence was conflicting. The trial judge as the trier of fact found that it had not been established. We cannot say that there was a lack of substantial, competent evidence to support his finding.
Appellant challenges the sufficiency of the award. We do not detail the parties’ finances and standard of living. Suffice it to say there was a conflict as to the needs of the wife and the ability of the husband to pay. The questions of whether alimony shall be awarded, and if so, how much shall be awarded rest within the sound judicial discretion of the chancellor, and his determination will not be disturbed in the absence of a clear abuse of discretion. His decision comes to this court with a presumption of correctness, and the appellant’s burden is to establish that the decree was clearly erroneous. The chancel *112 lor’s decision, which allowed alimony and set the child support at about $400.00 per month, with other provisions for their education, is supported by the evidence. See generally, Fishman v. Fishman, Fla.App. 1971, 245 So.2d 258.
We have considered all of appellant’s points on appeal and have concluded that no reversible error has been demonstrated.
Therefore, the judgments appealed are affirmed.
Affirmed.