PER CURIAM.
The wife, Shirley L. Taxay, sued Emil P. Taxay for separate maintenance. His answer denied the allegations of her complaint and contained a counterclaim for divorce. A final judgment was rendered which granted a divorce to the husband and' awarded certain monetary relief. The wife appeals from that final judgment.
The record contains sufficient, competent and substantial evidence, adequately *617 corroborated, to uphold the rendition of a final decree of divorce for the plaintiff husband by the trial court. See Chesnut v. Chesnut, 160 Fla. 83, 33 So.2d 730 (1948); Diem v. Diem, 141 Fla. 260, 193 So. 65 (1940); and Hillyard v. Hillyard, Fla.App.1968, 212 So.2d 306.
The wife contends that the trial court erred in granting the husband a divorce in view of his admission below that he had committed adultery. We have reviewed the record and do not find that the trial judge abused his judicial discretion in determining the equities between these parties. See Stewart v. Stewart, 158 Fla. 326, 29 So.2d 247 (1947), 170 A.L.R. 1073; and Benson v. Benson, Fla.App.1958, 102 So.2d 748.
The trial court did err in not requiring the husband to continue to pay the premiums on a health and accident insurance policy which he maintained on his wife and minor daughter during the marriage. There was an abuse of judicial discretion, on the evidence in this record, in not requiring him to continue to pay for the policy in the future. Error was also committed in not requiring the husband to pay the expenses for a summer camp for his daughter and a $1,000 air conditioning bill which the wife had incurred for air conditioning of the marital home which she occupied after the husband had left. We find no assignment of error directed to the failure of the trial court to require the husband to pay the future dental care of their minor daughter.
The final decree of divorce is affirmed but is amended and modified to require the husband to pay premiums on the health and accident policy for the wife and daughter; to pay reasonable and necessary expenses for summer camp for his minor daughter and to pay or reimburse the wife for the repair of the air conditioning unit in the marital home in the amount of $1,-000.
The final judgment is accordingly
Affirmed in part and modified in part.