PER CURIAM.
Appellant seeks review of an order of the Circuit Court for Dade County awarding his former wife attorney’s fees in connection with his petition to enforce visitation rights as provided for in their separation agreement and made a part of the final judgment of dissolution of marriage.
It is appellant’s contention on appeal that the trial court erred in finding that the appellee was entitled to an award of attorney’s fees because of vexatious conduct on her part and her financial ability to pay for the services of her attorney.
The trial court found:
“1. That the Husband stipulated with the Wife that this court could award fees if any, on affidavits and her testimony by deposition.
2. That the Husband stipulated that he was financially able to pay a reasonable fee if this Court awarded one.
*973 3. There Is no contemptuous conduct on the part of the Wife nor does this Court find her conduct vexatious. That if there was any vexatious conduct it would of been on both parties, [sic]”
The law is well settled that a trial court’s findings of fact arrive at this court with a presumption of correctness, Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Mufson v. Mufson, 245 So.2d 110 (Fla. 3d DCA), cert. denied, 252 So.2d 798 (Fla.1971), and that an award of attorney’s fees in connection with dissolution proceedings is discretionary with the trial court and will not be disturbed absent an abuse of discretion, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Upon careful consideration of the record, briefs and argument of counsel and controlling principles of law, we conclude that no abuse of discretion has been shown.
Affirmed.