HILDA G. RIESNER v. BERT L. RIESNER.

178 So. 164.

Division B.

Opinion Filed January 5, 1938.

490

*Bart A. Riley,* for Appellant;

*Marion E. Sibley,* for Appellee.

CHAPMAN, J.—This is an appeal from a final decree of the Circuit Court of Dade County, Florida, granting a divorce *a vinculo matrimonii,* and awarding the custody of the three minor children to their mother and requiring the payment of $45.00 per week as alimony for the support of the mother and three children. Hilda G. Riesner filed her bill of complaint against her husband, Bert L. Riesner, for separate maintenance, and by answer and counterclaim the defendant prayed for a divorce on the ground of extreme cruelty and habitual indulgence in a violent and ungovernable temper by the plaintiff. An answer to the counterclaim was filed by the plaintiff and evidence taken before the Chancellor on the issues and from the final decree plaintiff below seeks a reversal in this Court on the single assignment that the lower court erred in making and entering the final decree appealed from. The question here is the sufficiency of the evidence to sustain the findings of the Chancellor as expressed in the final decree. The parties came to Florida from Ohio when defendant engaged in

business in the City of Miami. He lost heavily in the Florida land boom, but engaged in other business activities and was generally successful. He provided his wife a home and supported her according to his station in life. Some property was accumulated and he gave his children the educational advantages existing around the City of Miami, and in fact his oldest daughter made an enviable record as a student at Miami University.

The wife charged the defendant with keeping late hours and the loss of interest in his home, waning affections for her and growing interest and attention to a blonde then residing on Miami Beach. The situation grew more complicated when clashes between husband and wife occurred, resulting in the husband changing his place of abode from his home to one of the hotels. The husband established by competent testimony several acts of cruelty and a continuous ungovernable temper. Her conduct was such that creditors of her husband refused to extend credit and placed him on a cash basis and having insufficient capital to operate his business he suffered as a consequence.

The differences of the parties to this suit became so positive and outstanding and with little or no spirit of cooperation existing between them the Chancellor considered that it was impossible because of these differences for the parties to live and cohabit together. The evidence here fully warrants the finding as expressed in the final decree. The findings of fact by a lower court will not be disturbed unless there is an abuse of discretion as fully expressed in the case of Farrington v. Harrison, 95 Fla. 769, text p. 770, 116 Sou. Rep. 497, when this Court said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than

where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

"On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

Substantial justice having been awarded in the court below the decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.