Florence Riesner v. Leo M. Riesner

186 So. 669.
Division B.
Opinion Filed January 20, 1939.
Rehearing Denied February 14, 1939.

*Walsh, Beckham & Ellis,* for Appellant;
*Marion E. Sibley* and *Harold Kassewitz,* for Appellee.

CHAPMAN, J.—This case is here on appeal from a final decree dated November 9, 1936, entered by the Circuit Court of Dade County, Florida. The case was recently before the Court on motion. See Riesner v. Riesner, 130 Fla. 489, 176 So. 765. The decree (a) granted a divorce to Leo M. Riesner; (b) awarded custody of the infant son, David Riesner, to the mother, Florence Riesner; (c) awarded weekly payments to Florence Riesner in the sum of $40.00 for the support and care of the infant son; (d) awarded the possession and ownership of inventoried furniture, furnishings, linens, silverware, wearing apparel and other items to Florence Riesner; (e) allowed $750.00 counsel fees to Florence Riesner, and suit money. This Court granted an additional sum of $200.00.

The record shows that Florence Riesner filed her bill of complaint for divorce charging her husband with adultery, sought alimony, custody of their infant son, counsel fees and court costs, a recovery of personal property, and a division of certain real estate. It is gleaned from the record that the parties were married on March 8, 1926, at Palm Beach, Florida, and returned to Cleveland, Ohio, to live. Leo Riesner made weekly payments during the time of cohabitation for the household expenses ranging from $30.00 to $100.00 per week. It was alleged in the bill of complaint that Leo Riesner owned assets or property approximating in value from $30,000 to $53,000.

Leo Riesner filed an answer denying generally the allegations of the bill of complaint, and expressed a willingness to pay $40.00 a week as permanent alimony and admitted his property and assets were worth approximately $30,000. Shortly, thereafter, he filed a counter claim against his wife charging her with specific acts of adultery on dates and occasions therein named, with Al Daly, in Miami, Dan Lawrence, in Cleveland, Ohio, with Jack

Wolfe, and a fourth party unknown. Each charge of adultery was denied by Florence Riesner. Considerable testimony by the respective parties was taken in Miami and at Cleveland. We have read the entire transcript of record, consisting of around 700 pages, examined all the exhibits, read the briefs, and the authorities cited by counsel for the respective parties. We hardly think or believe it necessary for us to set out all the evidence adduced against Leo Riesner and Florence Riesner, or either of them, to sustain the charge of adultery. Our study of the testimony convinces us that there is sufficient evidence in the record to support each finding as expressed in the decree, with one or two alterations or modifications. This Court by an unbroken line of decisions has held that the findings of fact by a Chancellor where the evidence is heard by him and the witnesses are before him are entitled to more weight in an appellate court than where the findings are made in a cause where the testimony was not taken before the Chancellor, yet in either case the Chancellor's findings should not be disturbed unless shown to be clearly erroneous. See Farrington v. Harrison, 95 Fla. 769, 116 . So. 497; Atlantic Bank, etc., Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317. We think the findings of the lower court on the evidence and the entering of a decree dissolving the bonds of matrimony were eminently correct and fully justified from a consideration of the entire record, and should not be disturbed on this appeal.

The Record shows that Leo Riesner has the financial ability to pay alimony, admits the ownership of assets or property approximating the value of $30,000, with an annual income of between $5500 and $6000. Likewise, there is evidence in the record to the effect that his property is

valued at between $30,000 and $53,000. It is true that he was required by an order of this Court to pay all costs connected with the litigation, which was expensive. The allowance in the sum of $40.00 per week to Florence Riesner is fully supported by the record, but it is insufficient to support the son. We think or believe the evidence is sufficient to support an allowance in the sum of $50.00 per week payable to Florence Riesner with which to support her infant son, David Riesner.

We cannot overlook the amount of work rendered on the part of counsel for Florence Riesner in representing her in the case at bar. Several days were consumed in the taking of testimony at Miami and some two or three trips were made to Cleveland, Ohio, where testimony was taken, a large transcript has been brought to this Court, well prepared briefs filed, and there is testimony by prominent members of the Miami bar to the effect that $1,000.00 as a minimum fee in this Court alone will be a reasonable fee for counsel for Florence Riesner. The record shows that her counsel has received $1,050.00 for their services. We think the amount should be increased in the sum of $250.00.

The decree appealed from is affirmed but altered to require Leo M. Riesner to pay the sum of $50.00 per week to Florence Riesner with which to support her son, David Riesner, until a further order of the Court, and a further sum of $250.00 be allowed attorneys for Florence Riesner as reasonable solicitor's fees. With these alterations, changes and modifications the decree appealed from is hereby affirmed. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment.

THOMAS, J., not participating, as authorized by Section

4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

PER CURIAM.—The parties to this suit have each filed petitions for a rehearing and complain of some of the terms, conclusions or conditions of the original opinion. Counsel for appellee contend that the evidence does not justify an increase of $10.00 per week, making the total amount the sum of $50.00 per week for the support and maintenance of the minor child, while counsel for appellant contends that the original opinion should be clarified so as to remove doubt and make certain the exact time when the additional allowance of $10.00 per week became effective. We have given due consideration to each contention appearing in the petitions for rehearing and hold that the additional allowance of $10.00 per week for the support and maintenance of the child as expressed in the original opinion will become effective on the date of the going down of the mandate of this court. The petitions for rehearing in this cause are each denied

WHITFIELD, BROWN. and CHAPMAN, J. J., concur.

TERRELL and BUFORD, J. J., concur in opinion and judgment.

Justice THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.