Roger Hays, Appellee, v. Fern Irene Hays, Appellant.

No. 46614.

March 6, 1945.

24

O. H. Allbee, of Marshalltown, for appellant.

F. E. Northup, of Marshalltown, for appellee.

BLISS, J.—The parties were married on March 8, 1933, and lived together until the fore part of November 1942. Three children, who are approximately of the ages of one and a half, seven, and nine years, are issue of the marriage. The only ground of divorce alleged is cruel and inhuman treatment. The only basis for this ground alleged in the petition is that "the defendant for the purpose of holding this plaintiff up to shame and disgrace, falsely accused him of child desertion and caused his arrest upon a warrant issued by the Municipal Court, in Marshalltown, Iowa, and that except for being able to furnish a bond would have been committed to jail. That by reason of said wrongful arrest this plaintiff was caused great mental worry and anxiety, all to his injury and thereby affecting his ability to work, impairing his health and endangering his life."

On the filing of this petition, defendant filed application for support for herself and children in the sum of $50 monthly, and for $15 suit money, and $50 as attorney's fees. On January 21, 1944, the plaintiff in open court confessed a monthly allowance for $50 for support money, $10 for sheriff's charges, and $50 for defendant's attorney. In her answer defendant denied any purpose to hold plaintiff up to public disgrace in having him arrested and alleged she did it after legal advice. She alleged that plaintiff had theretofore brought another action for divorce, which was denied him. In an amendment to the answer she alleged that prior to the plaintiff's desertion in November 1942, and prior to the earlier divorce suit, he had been given full knowledge of her acts and by cohabitation with her thereafter had condoned her conduct.

It appears from the court's "findings of fact" and from

the record, which supports these findings, that in the earlier divorce suit the grounds alleged were cruel and inhuman treatment and adultery, and that on April 21, 1943, after the trial thereof, the court (Judge Thomas) made a written finding that these two grounds had been fully established but that said misconduct of the defendant had been condoned, and because of the condonation and lack of corroboration of subsequent acts the plaintiff's petition was dismissed at his cost. It further appears that in November 1942, the plaintiff was employed as the main help in operating two pieces of farm land, some distance apart, containing two hundred eighty acres. He and his family lived in a house about three miles by road from his employer's farmhouse. Knowing defendant was about to be confined, but not knowing just when, and because of her being some distance from any neighbor and from plaintiff's place of work, she and the children were taken to the home of her parents in Marshalltown. In about ten days thereafter a son was born to the parties. Plaintiff called upon her at the hospital and paid all the charges of the confinement. While living in the country plaintiff was paid $70 a month, furnished butter, milk, poultry, and two hogs a year for meat. Sometime after the family moved to town, and at the time of the trial, plaintiff was being paid $80 a month, with room and board. The parties never lived together after defendant came to Marshalltown. She selected a small house to live in, for which plaintiff paid the rent and utility charges, and living expenses for the family. The home was furnished with their household goods. Plaintiff testified that defendant was continually insisting on more support money and threatening to have him put in the Army. She talked with Judge Scott, of the municipal court, and testified that he advised her to have plaintiff arrested for criminal desertion of his wife and children. She counseled with the county attorney and he advised her against such prosecution and told her it would be very difficult to prove the charge. Nevertheless, she swore to the information on August 30, 1943. Plaintiff was arrested on September 8, 1943, on warrant issued by Judge Scott. Plaintiff was released on bond without imprisonment. He was never tried, and on February 15, 1944, the "cause was dismissed on recommendation of the complaining witness."

Plaintiff testified that defendant told him she had committed adultery with six different men but that he had cohabited with her after knowing this. He further testified that "She contracted gonorrhea and brought it home and gave it to me." None of this testimony is denied by the defendant.

In the findings of the court it is stated:

"The Court expressly finds that the said Information was filed without probable cause; that one of the principal elements in the crime of desertion is that the person charged should have failed to provide support willfully and without good cause. The evidence shows that the plaintiff in this case during the period from the time of the previous divorce case to the present [Note. This was about ten months.] has paid the total sum of $499.72 for the support of his wife and children, same being for the items of house rent, fuel, milk, lights and water, cash, school supplies, clothing and groceries; and that in addition shortly after the defendant went into occupancy of the house here in Marshalltown where she lives that he delivered to her three sacks of potatoes of approximately 100 pounds each, and that he also delivered to her approximately 250 quarts of canned fruit and vegetables. It is a fair assumption that the canned goods were a result of her labor at the time they were living together, although there is no proof on this point. In addition to the above support the plaintiff paid a total of $155.00 on an indebtedness incurred for family necessities, and a substantial part of it being for medical care of plaintiff and defendant as a result of the defendant's previous indiscretions. That the total earnings of the plaintiff during that period was the sum of $720. And that after the payments above mentioned the plaintiff had left for himself out of his earnings only the sum of $65.28. Under these facts, by no possibility could the plaintiff be guilty of willful desertion of his wife and children * * * The plaintiff's testimony to the effect that he suffered mental pain from the disgrace of being arrested on such charge to the extent that his health was impaired and the proper performance of his work interfered with, was corroborated by his employer, Mr. Thomas."

The record supports the findings of the court. The court decreed that plaintiff pay, through the office of clerk of the dis-

trict court, for the support of the three minor children $60 a month, payable bimonthly, until the eldest child is eighteen years old or has quit school, at which time the payments shall be reduced one third until the second child has reached the age of eighteen or has quit school, when the payments shall be reduced to $20 monthly, and when the youngest child has reached the age of eighteen or has quit school the payments shall cease entirely. Plaintiff was required to pay the costs and $50 to defendant's attorney. Defendant was given the right to remarry.

While the evidence of impairment of plaintiff's health endangering his life is not strong, we are constrained to agree with the able and experienced trial court that under the attending circumstances and conditions shown by the record it is sufficient to justify and sustain the decree. See Littleton v. Littleton, 233 Iowa 1020, 1024, 10 N. W. 2d 57, 59.

While the plaintiff was present during the trial, he had at that time been called and accepted for service in the armed forces. Later he was inducted. He was not represented in this court by a lawyer and nothing was filed in his behalf. However, his attorney in the district court has filed in behalf of plaintiff, as a friend of the court, a motion to continue the submission of the appeal, as provided by the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U. S. C., section 501 et seq.], as amended October 6, 1942. The motion was submitted with the appeal. This motion is supported by an affidavit of the plaintiff stating that he is in the military service of the United States "in an undisclosable place with the United States Army." In view of our decision a ruling upon the motion is not necessary.

The decree of the district court is—Affirmed.

All JUSTICES concur.