TERRELL, Justice.
In a divorce controversy -between the parties to this cause, the following orders were entered: (1) Amendment to answer and counterclaim of respondent whereby the latter was permitted to seek separate maintenance. and support for their two minor children instead of divorce without separate maintenance as first prayed for. (2) Order enjoining petitioner from leaving •the state or transferring any of his assets therefrom. (3) Order denying petitioner’s motion to vacate orders previously made, amending respondent’s answer and counterclaim. (4) Order granting temporary alimony of $100.00 per week to respondent and $350.00 per week for the two minor children. On certiorari we are urged to review and quash said orders.
 We find ample support in the record’ for all of them except the order enjoining petitioner from leaving the state or transferring any of his assets therefrom. As to this order, we think the judgment below should be quashed on condition that petitioner’s assets be inquired into and inventoried, if the chancellor deems proper, and when their status is determined, the *708 petitioner be required to make ample protection for respondent’s alimony, the support of the minor children, including any other equity she may be shown to have in said assets.
The record discloses that petitioner is possessed of a considerable estate, the major portion of which is in liquid assets; that he was, until recently, a citizen of the State of New York, where respondent secured an order from the appropriate court of that State, requiring him to pay her temporary alimony and support for the minor children, same as was required in the order under review; that as soon as the New York order was made, he moved to Florida, established his domicile and brought his assets with him. It is further disclosed that he has not complied with the order of the State of New York, or that of the State of Florida, but is in arrears on his payments as to them.
It is well settled that the matter of allowing temporary alimony and support for minor children, is within the sound discretion of the chancellor and there is no showing here that his discretion was abused. Where one shows a disposition to flee the jurisdiction of the state without making provision to meet such payment, it is within the sound discretion of the chancellor to secure them, or require security for their payment, when defendant exhibits a disposition to take up residence in another climate without doing so.
It results that the petition for certiorari is denied in part and granted as to that part of the order discussed in this opinion on the conditions stated.
It is so ordered.
HOBSON, C. J., and ROBERTS and MATHEWS, JJ., concur.
THOMAS, J., dissents.
DREW, J., not participating. ■