111 So.2d 70 (1959)
Ida DWORKIS, Appellant,
v.
Allen A. DWORKIS, Appellee.
No. 58-462.
District Court of Appeal of Florida. Third District.
March 19, 1959.
On Rehearing May 5, 1959.
*72 Frank Cohn, Miami Beach, Snyder & Young, No. Miami Beach, and N.J. Durant, Jr., Coral Gables, for appellant.
H.H. Kout, Miami Beach, for appellee.
CARROLL, CHAS., Chief Judge.
This is an appeal by the defendant wife from a divorce decree.
The parties were married in New York in 1943. They have a minor son, adopted. *73 The husband departed from the state of their marital domicile and moved to Florida in 1956.
The wife preferred charges of desertion and non-support in the State of New Jersey, on which extradition of the husband was instituted. Following his arrest in Florida he sought asylum by filing this suit in equity under §§ 88.061 and 88.071, Fla. Stat., F.S.A.[1] The wife answered, and counterclaimed for alimony unconnected with divorce under § 65.09 Fla. Stat., F.S.A., and for child support and attorney fees. The husband then moved for and was granted leave to amend his suit to seek divorce on the three grounds of extreme cruelty, desertion, and adultery. Parenthetically, one question raised on the appeal is as to the propriety of the action of the court in allowing that amendment. The order granting leave to the husband to so amend was not error. See Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201. Rule 1.15(a) and (e) of 1954 Florida Rules of Civil Procedure, 30 F.S.A., authorizes and encourages such amendments when justice so requires, to be determined in the sound discretion of the court. See 3 Moore, Federal Practice, § 15.08 (2d ed. 1948).
The cause was tried before the chancellor, who rendered a final decree in which he recited the facts and set out his findings and conclusions on the numerous points involved. The chancellor is to be commended on the form and thoroughness of his decree.
While under the rules of practice a trial judge who hears and decides an equity suit or a non-jury law case is not required to make finding of fact and conclusions of law, as federal judges must do under Rule 52, Fed.Rules of Civ.Proc., 28 U.S.C.A., the inclusion thereof in a decree is of estimable aid to an appellate court and to the attorneys involved.
The decree denied the wife's prayer for separate maintenance, granted the husband a divorce on the three grounds asserted by him, denied alimony, awarded the wife the custody of the child during the school months with provision made for child support, and granted the husband custody during summers and Christmas holidays. The amount allowed the wife for her attorney's fees by interlocutory order and final decree was $500.
The granting of a divorce to the husband was challenged by appellant for lack of corroboration. A divorce plaintiff's testimony in support of his alleged grounds of divorce must be corroborated.
"It has been firmly entrenched in the Florida jurisdiction that the uncorroborated testimony of a plaintiff in a divorce action, without more, is not sufficient to support a valid decree *74 of divorce. Dean v. Dean, 1924, 87 Fla. 242, 99 So. 816; Morgan v. Morgan, Fla. 1949, 40 So.2d 778; Martin v. Martin, Fla. 1953, 66 So.2d 268; Garland v. Garland, 1947, 158 Fla. 643, 29 So.2d 693, and Holmes v. Holmes, Fla. 1957, 95 So.2d 593. What will amount to a sufficient corroboration of the cause of action must be determined by the circumstances of each case. * * *" Martin v. Martin, Fla.App. 1958, 102 So.2d 837, 839.
Regarding cruelty, in addition to finding certain acts which he regarded as constituting cruelty, the chancellor found that the wife had initiated the criminal proceedings against the plaintiff husband for nonsupport at a time when he had been making sizeable payments in support of his family, and therefore charged him falsely; and that her attempt to extradite him was "vengeful and vindictive." See Shaw v. Shaw, 122 Cal. App. 172, 9 P.2d 876; Hays v. Hays, 236 Iowa 23, 17 N.W.2d 801; Beckmann v. Beckmann, 209 Mich. 628, 177 N.W. 144; Bergman v. Bergman, 138 Misc. 335, 245 N.Y.S. 439; Hutt v. Hutt, Tex.Civ.App. 1934, 76 S.W.2d 567; Nelson, Divorce & Annulment, §§ 6.22-23 (2d ed. 1945); 17 Am.Jur., Divorce, § 65; 27 C.J.S. Divorce § 28b(2). Appellant has failed to show that the court's findings regarding cruelty were not supported by adequate competent evidence, and under the applicable law the charge of extreme cruelty was sustained and sufficiently corroborated.
One of the three alleged grounds for divorce, extreme cruelty, was established. Therefore, the portion of the decree by which the husband was granted a divorce from the wife should be affirmed.
However, appellant's contention that the charges of desertion and adultery were uncorroborated must be sustained. The plaintiff husband testified in support of the charge of adultery. The defendant in her testimony denied being guilty of the alleged acts. The chancellor believed the husband and disbelieved the wife; and in absence of other corroboration, found corroboration for the husband's testimony regarding adultery in the demeanor and attitude of the wife during the trial.
The effect of a trial judge's observation of a party's manner and demeanor in the court room should be limited to its bearing on the credibility to be accorded to the party's testimony given under oath; and such observations by the judge should not be the basis for findings by the court on disputed facts, to the contrary of that party's position, because in so doing a judge may be said to have made himself a witness, unsworn and not crossexamined. Kovacs v. Szentes, 130 Conn. 229, 33 A.2d 124. Cf. Atlantic Coast Line R. Co. v. Hendry, 112 Fla. 391, 150 So. 598; Hammond v. Carlyon, Fla. 1957, 96 So.2d 219. Disbelief of the denials by one party, of facts which must be proved and corroborated, is not the equivalent of affirmative evidence of those facts. Eckenrode v. Pennsylvania R. Co., 3 Cir., 164 F.2d 996, affirmed 335 U.S. 329, 69 S.Ct. 91, 93 L.Ed. 41; Mandelbaum v. United States, 2 Cir., 251 F.2d 748; Du Bois v. Du Bois, 141 Cal. App.2d 626, 297 P.2d 76; Cruzan v. New York Cent. & H.R.R. Co., 227 Mass. 594, 116 N.E. 879; Clairmont v. Cilley, 85 N.H. 1, 153 A. 465; Bissonnette v. Cormier, 100 N.H. 197, 122 A.2d 257.
The chancellor found an absence of need on the part of defendant for alimony, saying in the decree:
"The defendant has ample financial resources for her living requirements. The plaintiff's testimony that the defendant was a silent partner of her brother's in a business known as the Ackerman Furniture Company was not denied by the defendant. Her testimony indicated that she has the ability to draw thousands of dollars from the business through her brothers, and has *75 in fact done so during the past two years. The defendant was represented by four counsel at the first hearing on March 24, 1958, one of whom came from New Jersey and who functioned in the dual role of prosecutor for the State of New Jersey and attorney for the defendant. The defendant stayed at one of the most exclusive Miami Beach ocean front hotels when she came here for the hearing on March 24, 1958. Despite her story of destitution, the defendant possessed all the indications of wealth. The Court therefore finds that she has ample financial resources for her living requirements. * * *"
Refusal of the chancellor to grant the wife's claim for alimony was proper on the record and under the findings of the court. Collins v. Collins, 153 Fla. 10, 13 So.2d 445; Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169; Kahn v. Kahn, Fla. 1955, 78 So.2d 367.
We have been shown no reason to disturb the rulings of the chancellor as to custody of the minor child of the parties, and as to the allowance of attorney fees. Those are matters peculiarly within the judicial discretion of the trial court, and a party seeking to reverse such rulings has the burden of establishing their unreasonableness or an abuse of discretion. Pross v. Pross, Fla. 1954, 72 So.2d 671; Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663.
The decree relating to custody of the child, giving the wife custody during the school year and allowing a generous visitation period with the husband, during the summer months and at Christmastime, does not violate any established policy regarding the granting of custody. The factors bearing on such an award of custody were presented and argued before the chancellor in a full hearing on the matter; and appellant has failed to demonstrate any abuse of discretion in the ruling on custody and attorney fees.
Certain additional questions raised by appellant have been considered and found to be without merit.
Accordingly, except as modified by this opinion, the final decree which is appealed from in this cause is hereby affirmed.
Modified and affirmed.
HORTON and PEARSON, JJ., concur.

On Rehearing
PER CURIAM.
A petition for rehearing filed on behalf of appellant was considered by the court and denied as to all grounds except ground No. 4, which reads as follows:
"That this Honorable Court failed to consider, and/or overlooked, the appellant's charge that the maintenance and support for the parties' minor child was unreasonable. The Court's attention is called to the fact that the appellee is admittedly worth one hundred fourteen thousand ($114,000.00) dollars. The award for the child was fifteen ($15.00) dollars per week." We granted rehearing and ordered reargument on ground No. 4 of the petition, following which we now hold that the amount of $15 a week which was fixed by the final decree for the support of the 11-year-old minor child was inadequate for his support, and that the assets of the appellee and his income, as shown on the record, are adequate to support a more reasonable and realistic allowance for the support of the child, which we hold should be fixed at $30 per week during the time the child is in custody of the appellant, rather than the $15 per week as originally provided for.
Counsel for appellee argued that the established financial adequacy of the appellant Ida Dworkis should place upon her, rather than upon the father Allen A. Dworkis, the burden of support or to supply a substantial portion of the child support. *76 That argument is not sound. The obligation for support of the child is on the father. Fekany v. Fekany, 118 Fla. 698, 160 So. 192; Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754.
The father was shown to have assets amounting to $114,000, and formerly to have had a substantial income. His present annual income, of approximately $5,000 is derived from certain securities which he owns. Ill health has deprived him of being able to earn additional income as formerly.
It was argued for appellee that his income was not sufficient from which to pay any increased amount of support. That could be true as to a large increase, but his income is adequate for the increase provided for here. Moreover, the size of his annual income is not the full test of appellee's ability to pay child support. Such ability to pay may also be measured by the size of the man's estate and net worth, which in this case are fully adequate to support the allowance. See Riesner v. Riesner, 136 Fla. 129, 186 So. 669; 2 Nelson, Divorce & Annulment, §§ 14.83, 14.84 (2d ed. 1945).
While the record does not show that the parties lived expensively or extravagantly, it is disclosed that they lived comfortably, paying rentals for their abodes of from $120 a month to $200 a month. On considering the assets and incomes of these parties and other evidence bearing on their manner of living when together, it appears that the allowance of $15 a week was substantially less than the amount which necessarily must have been expended for the care, maintenance and education of the child. It follows that in allowing an amount which would be considered a minimal support figure for needs of a much younger child, or an infant, the court indirectly imposed on the appellant Ida Dworkis the financial burden of support of the child to an extent which was equal or larger than was required of the child's father. Ordering the father to pay less than the needs of the child required would be justified only if the lower allowance was made necessary because of financial inability of the appellee to supply the needed money for his care. The record shows sufficient ability of the father to pay, and no reason is disclosed why he should not more adequately provide for the child's support. See Riesner v. Riesner, supra, 136 Fla. 129, 186 So. 669; Lee v. Lee, 157 Fla. 439, 26 So.2d 177; Landy v. Landy, Fla. 1953, 62 So.2d 707.
The decree should be modified to provide for payment by the appellee of $30 a week child support during the periods when appellant holds custody, in place of the $15 a week originally provided for.
It is so ordered.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.
NOTES
[1] "88.061 Interstate rendition. The governor of this state may demand from the governor of any other state the surrender of any person found in such other state who is charged in this state with the crime of failing to provide for the support of any person in this state and may surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in such other state. The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or other state."

"88.071 Relief from the above provisions. Any obligor contemplated by § 88.061, who submits to the jurisdiction of the court of such other state and complies with the court's order of support, shall be relieved of extradition for desertion or nonsupport entered in the courts of this state during the period of such compliance."