238 So.2d 166 (1970)
Nancy Jane EATON, Appellant,
v.
Elton R. EATON, II, Appellee.
No. 69-299.
District Court of Appeal of Florida, Fourth District.
July 29, 1970.
*167 Richard V. Harrison, of Snyder, Hazen, Isphording & Harrison, Venice, for appellant.
George A. Williamson, Fort Lauderdale, for appellee.
OWEN, Judge.
In March, 1968, the parties hereto, then husband and wife, executed a document styled "Marital Separation Agreement". Among other things, it provided that the wife would have the exclusive care, custody and control of the parties' two-year old son, and that she was thereby expressly relinquishing any right she had at that time or in the future to receive child support from the husband. Six days later the wife obtained a final decree of divorce which approved the Marital Separation Agreement and by reference made it a part of the decree, with the parties directed to comply with its terms in all respects.
In December, 1968, the wife filed in the same cause a motion seeking an award of child support. The substance of the motion was that the father's obligation to support the minor child existed as a matter of law, that the obligation could not be waived by agreement of the child's mother, and that the incorporation of this void provision into the final decree by reference was through oversight, mistake or inadvertence. After a hearing which included the taking of testimony, the court entered an order decreeing that the portion of the final decree which had approved the provision in the Marital Separation Agreement whereby the wife relinquished the right to receive child support from the husband was void for the reason that the matter of child support and maintenance was one solely and exclusively within the jurisdiction of the court and the parties did not have the right to waive child support or maintenance in any manner. The court also decreed that the former husband pay the former wife "a token payment of $10 per month" toward the support and maintenance of the minor son. The order stated that the *168 child's father was being required to make the token payment in order that he be made aware of his obligation to contribute to the support and maintenance of his minor son, even though the court expressly found that there had been no change in circumstances of the parties from the time of the final decree and also that there existed an estoppel by reason of the agreement whereby the wife was estopped from seeking child support and maintenance. The wife appeals from this order contending that under the undisputed evidence as to the father's financial ability and the child's needs, the token award is grossly inadequate and clearly an abuse of the court's discretion.
The facts are briefly stated. Appellant wife has no income and at the time of the divorce and at all times subsequent she and her minor son have been supported by her father who has furnished her with a house and a monthly allowance of $500. From these allowances she expends the equivalent of between $215 and $265 per month to provide food, shelter and necessities for the minor son. Appellee, who does not contribute to the support of the child, has been gainfully employed most of the time since the divorce with a minimum take-home pay of $103 per week. With the exception of the fact that appellee has remarried since the divorce, all of the circumstances described above have been without any substantial change since the time of the entry of the final decree.
Although a father does have the legal duty to support his minor children to the extent that his means reasonably permit, Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Fekany v. Fekany, 1935, 118 Fla. 698, 160 So. 192; Dworkis v. Dworkis, Fla.App. 1959, 111 So.2d 70, it is not unusual for parents who become involved in a divorce suit to enter into an agreement pertaining to the custody and support of the minor child or children. Of course, such an agreement would not be effective to oust an equity court of either its inherent powers or its expressly granted statutory powers to control, protect and provide for infants. Cooper v. Cooper, Fla.App. 1967, 194 So.2d 278. However, once such an agreement is approved by the court and by reference expressly made a part of the final decree of divorce, the provisions relating to custody and support of the minor child or children are no longer merely in the status of an agreement of the parties, but become elevated to the dignity and effect of a court decree.
Thus, in the instant case, while the appellee father could not by contract abrogate his obligation to support his minor child, it was the final decree and not the agreement which established the nature and extent of the father's obligation on the basis of the circumstances as they existed at the time of the entry of the final decree. Whether the court relieved the father of the financial obligation in toto, or whether it had set the amount of the obligation at a figure of $10 per month, or $200 per month, or any other figure, such determination became binding until reversed or subsequently modified. Decrees providing for child support and custody are, by their very nature, impermanent in character and hence are res judicata of the issues only so long as the facts and circumstances of the parties remain the same as when the decree was rendered. Lopez v. Avery, Fla. 1953, 66 So.2d 689. Any substantial change in the father's ability to provide or the child's need for support would justify a modification of the support provisions, Lopez v. Avery, supra, notwithstanding the provisions of the Marital Separation Agreement or the fact that the final decree which established child support approved the agreement. Lee v. Lee, 1946, 157 Fla. 439, 26 So.2d 177.
The court expressly found and the evidence clearly establishes that there was no change of circumstances shown in this case. In the absence of such it was error to modify the final decree. The order is *169 reversed and upon remand the court is directed to enter an order denying appellant the relief sought by her post decree motion.
Reversed and remanded.
CROSS, C.J., and McCAIN, J., concur.