PER CURIAM.
In this interlocutory appeal the wife attacks a post-decretal order which, among other things, suspended the husband’s obligation to pay alimony and child support. We reverse.
Upon earlier final hearing in this action by the wife for alimony unconnected with divorce the court found that the wife clearly established grounds for divorce. Judgment was entered on September 11, 1970 in favor of the wife, and she was awarded custody of the four minor children of the parties and the sum of $601.00 monthly for the support of herself and the children, payment of which sum's were to begin within five days. The husband’s counter-claim for divorce was denied. Evidence at that hearing had shown that appellee was one-third owner of Edwards Groves, a family corporation, and received around $20,000.00 wages from the corporation in 1969-70 and that he jointly owned some groves with the wife.
Eleven days after the final judgment, and on September 21, 1970, appellant filed a motion for contempt citation against the husband, alleging that he had defaulted in the aforesaid support payments. On September 23, 1970 the husband petitioned for a modification of the final judgment based upon a change of circumstances which took place at an annual director’s meeting of the corporation jointly owned by him and his father, mother and brother, reducing his income. A hearing was held on the issues framed in the foregoing pleadings consisting mainly of the husband’s testimony as to his reduced income and his assertion that he owed certain monies to the family corporation.
*13 It clearly appears from the transcript of these proceedings and from the order appealed from that the trial judge felt a further hearing would be necessary after the current citrus season so that the full financial picture of the parties could be ascertained. No specific time was fixed for such subsequent hearing, but pending such hearing the court entered the order appealed from and from which the wife assigns four points of error.
Patently, then,- the entire matter is pending below; and we observe here that three of the four points on appeal are premature since they do not involve irreparable prejudice and they may be rendered moot upon a final determination of all pending issues. One point, however, involves child support which, by its nature, is a continuing and ever present obligation not usually satisfied ex post facto.
As noted earlier, the final judgment heretofore entered herein awarded $601.00 monthly for support of the wife and the children. In the order appealed from this award was vacated and set aside and no other award pendente lite was made compelling the husband to furnish support either for the wife or for the minor children. This was error. Particularly so in view of the specific finding by the court that “the salary of the defendant husband has been continued for the coming year in the same amount as in 1969-70, but that his drawing account has been reduced * * * The court correctly recognized the father’s obligation to support his wife and children, but erroneously suspended such obligation entirely notwithstanding that it appeared that some ability existed to meet it.[1] Arguendo, a commensurate reduction pendente lite may have been in order (although on the present record it doesn’t appear sustainable), but it was inappropriate to relieve the father of his filial and parental responsibilities entirely.
Accordingly, the order appealed from is reversed and the cause is remanded for proceedings not inconsistent herewith.
PIERCE, C. J., and LILES and Mc-NULTY, JJ., concur.

. Of. Dworkis v. Dworkis, (Fla.App.1959), 111 So.2d 70, 76.