411 So.2d 347 (1982)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, On Behalf of Shirley Bennett WALKER, Now Shirley Bennett Moeller, Appellant,
v.
Wayne M. WALKER, Appellee.
No. 81-1290.
District Court of Appeal of Florida, Second District.
March 24, 1982.
*348 Geraldyne H. Carlton and Charles Carlton of Carlton & Carlton, Lakeland, and Joe D. Lovelace, Asst. State Atty., St. Petersburg, for appellant.
James A. Helinger, Jr., and Yvonne May, Clearwater, for appellee.
BOARDMAN, Acting Chief Judge.
HRS, on behalf of Shirley Bennett Moeller (the wife), appeals an order denying its petition for child support from appellee/respondent Wayne M. Walker (the husband). We reverse.
In 1977, the husband filed a petition for dissolution of his marriage to the wife, alleging that the wife had a child, Rodney Howard Walker, but that Rodney was not his, and seeking a determination that he was not responsible for supporting Rodney. The wife filed a response and counterpetition denying the husband's allegation concerning Rodney, alleging that Rodney had been born of the marriage, and seeking custody and child support.
The husband and the wife subsequently entered into a property settlement agreement, which provided as follows concerning Rodney:
WHEREAS, the parties hereto were married on the 17th day of October, 1970, and there has been one child born of the parties, to wit: Rodney Howard Walker ...
...,
NOW, THEREFORE, in consideration of the premises and of the mutual promises and undertakings herein contained and for other good and valuable considerations, the parties hereto agree as follows:
1. The terms of the Agreement shall be made a part of any Final Judgment of Dissolution of Marriage entered in the above-styled proceeding, ...:
... .
4. The Husband hereby covenants and agrees that the Wife shall have the care and custody of the aforementioned minor child, to wit: Rodney Howard Walker.
5. Husband agrees to pay to the Wife, through the registry of the Court, as child support the sum of $20.00 per week for the maintenance and support of the minor child, which such support payments shall commence on the 22nd day of July, 1977, and continue weekly thereafter until the said minor child reaches the age of eighteen years or majority (whichever shall first occur) dies, marries or becomes self-supporting, or until such time as the Wife herein shall be remarried, whichever shall first occur.

(Emphasis supplied.) The final judgment of dissolution, entered on August 3, 1977, provided:
This cause having come on to be heard upon the Petition for Dissolution of Marriage filed herein, the Response and Property Settlement Agreement executed by the parties, the Court having reviewed the Court file and having reviewed and accepted the Property Settlement Agreement ... it is thereupon

*349 ORDERED AND ADJUDJED [sic] that the marriage between the parties Wayne M. Walker and Shirley Bennett Walker of October 17, 1970, be and same is hereby dissolved. It is further
ORDERED AND ADJUDGED that the Petitioner, Wayne M. Walker, shall pay to the Respondent, Shirley Bennett Walker, the sum of $20.00 per week as child support for the minor child, Rodney Howard Walker. It is further
ORDERED AND ADJUDGED that custody, care and control of the minor child, Rodney Howard Walker, be and is granted to the Respondent, Shirley Bennett Walker. It is further
ORDERED AND ADJUDGED that the parties hereto shall comply with the terms and conditions of the Property Settlement Agreement filed in this entitled cause. It is further
ORDERED AND ADJUDGED that this Court maintains jurisdiction of the subject matter and the parties hereto for future orders as may be necessary for the welfare of the minor child herein.
On December 29, 1980, HRS filed a petition for child support from the husband, alleging that the wife had remarried, that the wife was receiving public assistance from the state of Florida for Rodney's benefit, and that Rodney was dependent and entitled to support from the husband because the agreement to terminate child support on the wife's remarriage was contrary to public policy.
After hearing, the trial court entered the following order:
1. The Final Judgment of Dissolution was entered on August 3, 1977. The terms of said Final Judgment incorporated a Property Settlement Agreement between the parties dated July 19, 1977.
2. There is no question regarding the jurisdiction of the Court over the parties at that time.
3. Both parties were represented in the Dissolution by competent counsel.
4. The Property Settlement Agreement contained an unusual support provision which terminated husband's obligation for child support upon the wife's remarriage.
5. The wife's attorney was provided with a copy of the Final Judgment.
6. It is not uncommon for Property Settlement Agreements to contain provisions that act as a compromise on matters that normally would be addressed by the Court hearing the Dissolution.
7. Assuming, arguendo, Respondent's arguments presented at this hearing, that Petitioner was having relations with other men and that Respondent had no sexual relations with Petitioner during the time critical to conception of the child are true, the wife agreed to the terms of the Property Settlement Agreement to avoid bastardization of the child.
8. Again, assuming Respondent's arguments are true, Respondent agreed to the terms regarding child support to limit his liability and to avoid harm to an innocent third party; ie, [sic] the child.
9. The Final Judgment refers to the Property Settlement Agreement and establishes child support by that reference.
10. The Final Judgment makes a judicial determination of paternity.
11. Respondent at this time has no procedural avenue to challenge the issue of paternity.
12. This Court has continuing jurisdiction regarding support, custody and other matters relating to the child's welfare.
13. Petitioner is now the recipient of public assistance from the State of Florida, and the State is prosecuting this case pursuant to Chapter 409, Florida Statutes, seeking Respondent's contribution to child support.
14. The State is subject to the same defenses presented by Respondent as would be Petitioner, SHIRLEY BENNETT MOELLER, in an action initiated solely by her.
15. Inasmuch as the Court which ordered the Dissolution had jurisdiction and both parties were represented by competent counsel, this Court must conclude that the child support provision was an attempt at compromise.

*350 16. There has been a substantial passage of time since the execution of the Property Settlement Agreement and rendition of the Final Judgment of Dissolution.
17. Both Petitioner and Respondent herein have remarried.
18. Both parties have had the opportunity to have the Final Judgment reviewed to alleviate any conflicts or ambiguities but neither party did so.
19. Petitioner is estopped, and the State is therefore estopped through subrogation, to seek child support from the Respondent.
IT IS THEREFORE ORDERED AND ADJUDGED that the Petition for Support is denied.
This appeal followed timely.
It is well settled that the obligation of support is for the benefit of the child, and a child's right to support cannot be contracted away by its mother. Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); Shinall v. Pergeorelis, 325 So.2d 431 (Fla. 1st DCA 1975); Walker v. Walker, 266 So.2d 385 (Fla. 1st DCA 1972).
The appellee husband, however, relies on Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970), in which the divorced wife filed a motion seeking child support after having previously entered into a separation agreement with the husband which provided, inter alia, that she would have exclusive custody of the parties' son and was thereby expressly relinquishing any right she had at that time or in the future to receive child support from the husband. The final divorce decree approved the separation agreement and made it a part of the decree by reference. After hearing on the wife's motion, the trial court ruled that the portion of the decree concerning child support was void; the trial court then went on to award token child support of $10 per month. The Eaton court reversed, stating:
Although a father does have the legal duty to support his minor children to the extent that his means reasonably permit, it is not unusual for parents who become involved in a divorce suit to enter into an agreement pertaining to the custody and support of the minor child or children. Of course, such an agreement would not be effective to oust an equity court of either its inherent powers or its expressly granted statutory powers to control, protect and provide for infants. However, once such an agreement is approved by the court and by reference expressly made a part of the final decree of divorce, the provisions relating to custody and support of the minor child or children are no longer merely in the status of an agreement of the parties, but become elevated to the dignity and effect of a court decree.
Id. at 168. (Citations omitted.) In denying the wife's motion for child support, the court held that while the father could not by contract abrogate his obligation to support his minor child, it was the final decree, not the agreement, which established the nature and extent of the father's obligation on the basis of the circumstances as they existed at the time of the entry of the final decree.
The husband overlooks the fact, however, that Eaton went on to note that court decrees regarding child support have always been subject to modification. In Eaton, the trial court found and the evidence showed no change in circumstances which would justify a modification of the final decree, and the appellate court stated: "Any substantial change in the father's ability to provide or the child's need for support would justify a modification of the support provisions, notwithstanding the provisions of the Marital Separation Agreement or the fact that the final decree which established child support approved the agreement." Id. at 168. (Emphasis added, citations omitted.)
The settlement agreement was approved in the judgment of dissolution and when that judgment became final, it was res judicata. However, all child support provisions in judgments of dissolution are subject to modification upon a showing of changed circumstances. § 61.14, Fla. Stat. (1981). Presumably, the provision which *351 called for the termination of child support upon the remarriage of the wife contemplated that by virtue of having acquired a new husband she would no longer be in need of child support payments. The fact that she is now receiving welfare to support the child suggests that this expectation may not have been fulfilled and serves as a sufficient allegation of a change of circumstances to justify a hearing on the issue.
There is no doubt that HRS has standing to seek modification of the dissolution judgment pursuant to Section 409.2561, Florida Statutes (1981). Moreover, the husband may not now deny the paternity which he admitted in the property settlement agreement that was accepted by the court. Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981). The wife's conduct cannot act as an estoppel to preclude a claim on behalf of the child. Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946).
Accordingly, the trial court's order denying HRS's petition for child support is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
GRIMES and RYDER, JJ., concur.