HENDRY, Judge.
The Department of Health and Rehabilitative Services and Betty A. Mears, custodial grandmother of the child receiving Aid for Dependent Children funds, appeal from an order of the trial court withholding a ruling on their petition for support which had been filed against respondent Larry Luterman, the child’s natural father. After a hearing, the trial court entered an order directing that no action be taken against respondent father until a petition for support was filed against the natural mother also and both cases brought before the court at the same time. We reverse on the basis of the plain language of section 409.2564(1), Florida Statutes (1983), which states in relevant part:
In each case in which regular child support payments are not being made to the department as provided herein, the department shall institute, within 30 days after determination of the responsible parent’s reasonable ability to pay, an action for support against any person liable for the support of the child.
The statute makes clear that the Department of Health and Rehabilitative Services must file a petition for support against at least one parent (or possibly both), as long as there has been a determination that there is a reasonable ability to pay. The statute does not require that when both parents appear to be in a position to pay child support that petitions against both parents must be filed or filed against neither at all. To read such a requirement into the statute would thwart the legislative intent, which is clearly expressed in section 409.2551:
*500 It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of responsible parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
The department determined that respondent had a reasonable ability to pay $25.00 a week toward the support of his child; it is free to find that the mother has a reasonable ability to pay some amount also. Until it does so, however, the department is not foreclosed from asking that respondent pay his share of the child’s expenses.
Reversed.