COWART, Judge,
dissenting.
This case involves a cause of action to establish paternity and to determine the natural father’s future child support obligation as compared to a second, separate cause of action by a state agency against the natural father for restitution for an accumulation of public monies expended for necessities for the child before the father’s paternity was established.
The Department of Health and Rehabilitative Services of the State of Florida (HRS) brought a paternity action on behalf of Carla Faye Jamerson, the mother of a dependent child and a recipient of public assistance monies, against the appellant, Edward Leon Camps, resulting in an adjudication that appellant was the natural father of the child and owed it a duty of future support that was set in the amount of $60 per month. Thereafter, in the same cause, HRS filed a motion requesting the court to further adjudicate and order the father to repay HRS the sum of $1,184 for public assistance monies expended for the benefit of the child from the time of its birth until the establishment of the father’s paternity. The father filed a motion to dismiss, an answer and affirmative defenses to the motion. From an order adjudicating that the father was indebted to HRS for $1,184 and directing repayment of that sum at the rate of $20 per month, the father brings this appeal.
The father argues that HRS is prohibited from recovering the sum of $1,184 by section 409.2561(1), Florida Statutes, and doctrines of res judicata and merger.
Section 409.2561(1), Florida Statutes, reads in part:
Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance so paid. If there has been a prior court order or final judgment of dissolution of marriage establishing an obligation of support, the obligation is limited to the amount provided by such court order or decree. The responsible parent must voluntarily discharge the ob *1143 ligation pursuant to the terms of the court order or decree.... If there is no prior court order establishing an obligation of support, the court shall establish the liability of the responsible parent, if any, for reimbursement of public assistance moneys paid.
The father reads the statute to mean that the first order establishing paternity and the father’s obligation for future child support constitutes a limitation on the right of HRS to obtain reimbursement from the father for public assistance money paid for the benefit of the child in the past and prior to the adjudication of paternity and the judicial establishment of the amount of the father’s obligation to pay future child support. This construction of the statute is not correct. Only if the public assistance monies are paid after the obligor’s obligation for future child support has previously been established and limited in dollar amount per unit of time does the second sentence constitute any limitation on the obligor’s reimbursement obligation. That limitation was intended to relate to support orders requiring the parent to make future regular periodic child support payments, as contemplated by section 409.2564(1) and (2), Florida Statutes, for reimbursement for ongoing welfare payments; that limitation does not relate to a cause of action for restitution for an accumulated, past due, lump sum obligation which is merely being repaid in periodic payments, as is involved in this case.
During the time that the $1,184 in public assistance monies was being paid to discharge the natural father’s responsibility there was no prior court order or final judgment of dissolution of marriage establishing an obligation of support. Nevertheless, once the paternity of the father is established, he is liable to reimburse for monies previously paid in discharge of his parental obligation as well as being liable for continuing, regular, periodic payments for needed future child support. The inchoate obligation and responsibility of a natural father for the necessities of his child exists from the time the child is conceived. A paternity action merely adjudicates and judicially establishes the relationship between the parent and the child which is but one part of the factual basis for the adjudication necessary to legally establish and enforce the obligation of support which has existed from conception.
The first cause of action to determine paternity and future child support was separate and distinctly different from the second restitutionary cause of action for reimbursement for public assistance money previously paid to, or for the benefit of, the dependent child. The fact that both causes of action relate to the parent-child relationship between the obligor (parent) and the dependent child does not make the two causes of action the same. In addition to the fact of paternity the first cause of action required a determination as to the continuing, future needs of the child and the ability of the father to pay future child support. In that cause of action the child is the real party in interest, whoever may bring the action on behalf of the child.[1] In addition to the fact of paternity the second cause of action required proof of the fact that public assistance monies had previously been paid to, or expended for the benefit of, a dependent child. This second cause of action is for restitution and is in favor of any third party who has provided the child necessaries for which a parent is legally responsible. As to child support provided by public assistance money this second legal obligation for restitution has been codified in section 409.2561(1), Florida Statutes, and the basic legal obligation there recognized can be the basis for many, recurring separate actions as the essential operative facts occur or unfold. See section 409.-2564(1), Florida Statutes, and Mears v. Luterman, 453 So.2d 499 (Fla. 3d DCA 1984). Each of the two causes of action involved in this case is separate and distinct from the other because each has a different real *1144 party in interest[2] and each requires proof of facts not required by the other. There was no improper splitting of one cause of action as the father argues in this case, no merger of the two causes of action, and no res judicata problem because there was no fact adjudicated in the first cause of action in favor of the father that was inconsistent with the factual basis required for adjudication of the second cause of action against the father. It is merely fortuitous that the governmental agency, HRS, bringing, on behalf of the child, the first cause of action for future child support happens to be the real party in’interest in the second cause of action for restitution and reimbursement for support previously provided the child. The two causes of action could, and perhaps should, have been filed in two actions.
The second cause of action for reimbursement was improperly initiated by a motion rather than a pleading. However, the father did not object to this pleading irregularity but pleaded to it and joined issue by filing an answer and affirmative defenses to the motion.
This case should be affirmed and the father required to reimburse the public for the public monies used to pay the father’s support obligation to his child.

. See Cronebaugh v. Van Dyke, 415 So.2d 738, 741, notes 5, 6 and 7 (Fla. 5th DCA 1982); Dept of HRS v. Walker, 411 So.2d 347 (Fla. 2d DCA 1982).

. Cf. Dept. of HRS v. King, 390 So.2d 1224 (Fla. 1st DCA 1980) (child's present support needs must be met before HRS may be reimbursed).