WIGGINTON, Judge.
The mother, Mary E. Upshaw, and the Department of Health and Rehabilitative Services bring this appeal from the final order of the trial court determining paternity and ordering the father, appellee Cleatis Reaves, to pay $67 per month as child support. We reverse.
A complaint to determine the paternity of the mother’s minor child was filed naming three putative fathers. After HLA blood tests were performed, two of the *561 men were excluded, and at the final hearing, appellee admitted he was the father of the child. Appellee also testified that he earns at least $1,200 net income each month.
On the other hand, the mother receives public assistance in the amount of $67 per month on behalf of the instant child, in addition to assistance received for four other children. In order to determine a support amount in compliance with the child support guidelines, section 61.30, Florida Statutes (1989), a minimum wage income was imputed to the mother. Based upon the two incomes of the parents, the support guidelines, as set forth in section 61.-30(l)(a), suggested a child support amount of $70 per week.
Nevertheless, in its final judgment of paternity, the trial court departed from the guidelines and ordered appellee to pay $67 per month as child support. Although recognizing that the support ordered was not within the range suggested by the child support guidelines, the court’s reason for varying from the guidelines was that “the mother receives public assistance for this child and the amount of child support set forth herein will reimburse the State of Florida for the child’s increment of public assistance.”
Subsequent to the entry of the final judgment of paternity, appellants submitted to the trial court a “Statement of the Proceedings” for court approval. In reviewing the statement, the trial court entered an order more fully explicating its reasons for its deviation from the guidelines’ suggested support. After reviewing the mother’s rather lengthy legal history on the matter of paternity, including earlier paternity actions involving other putative fathers, the trial court stated:
Thus the Court had generally in mind at the time of the ruling with respect to support to be required of Cleatis Reaves, that the amount of support was in keeping with the support ordered for the other children, including this same child, [K.], that have been recipients of aid for dependent children mothered by Mary Etta Upshaw. The Department itself stated that $67 per month was the increment of support allocated to this child. $64.00 per month is the amount which had been previously ordered to be paid by [J.Q.W., Jr.], during the somewhat brief time he was actually adjudged to be the father of [K.].
The Court reasoned that such an amount, paid by the father, would have the effect of removing this child from roles of tax supported children. The Court further reasoned that it would be manifestly un- . fair and patently unjust to require the father, Cleatis Reaves, to, in effect, pay an amount of support for the one child, [K.], equal to the combined amounts of support for all the other children mothered by Mary Etta Upshaw,....
We must agree with appellants that the trial court’s reasons for varying from the guidelines amount were inappropriate and insufficient to justify the deviation. Section 61.30(l)(a) provides the following:
The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support.... The trier of fact may order payment of child support in an amount different from such guideline amount upon written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate, [emphasis added]
Thus, although the trial court would have been otherwise authorized under that section to deviate from the guideline amount upon a written finding of explanation, the court’s reasoning in the instant case amounts to an abuse of discretion. The trial court’s concern over what other putative fathers agreed to pay in child support for any of the mother’s children has no bearing on what appellee should or can pay in the instant case.
The Department brought this action pursuant to its obligation under sections 409.2551-409.2597, Florida Statutes. Specifically, in section 409.2551, the legislature has stated that it is
*562 ... the public policy of the State that this act be construed and administered to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
However, in the present case, the trial court’s concern should not have been only in setting an amount of support sufficient to remove the child from the welfare rolls, but should have included an assurance that the child was supported by her father in accordance with her needs and his ability to pay. The obligation of support is for the benefit of the child and should not be narrowly viewed as simply a means of removing a child from public assistance. Department of Health and Rehabilitative Services on Behalf of Walker v. Walker, 411 So.2d 347 (Fla. 2d DCA 1982). It is without question that the minor child has the right to call upon appellee as her father to nurture, support and educate her. Finn v. Finn, 312 So.2d 726 (Fla.1975).
Consequently, as the recommended support under the guidelines presumptively establishes the amount the trier of fact shall order as child support, and since the trial court’s reasons for deviating from that amount were insufficient and amounted to an abuse of discretion, we reverse the trial court’s order directing the father to pay only $67 per month as child support and remand the cause for the court to enter an order awarding support in the amount of $70 per week as suggested by the guidelines.
JOANOS and ALLEN, JJ., concur.