PER CURIAM.
This cause is before us on appeal from a final order which, inter alia, establishes appellee’s child support obligation. As to the first issue, we agree with appellants that the trial court erred as a matter of law in assessing appellee’s child support obligation at $10 per month, thus departing from the child support guidelines set forth in section 61.30, Florida Statutes, without making specific findings or entering a written order justifying such departure, Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992); Upshaw v. Reeves, 572 So.2d 560 (Fla. 1st DCA 1990).
As to the second issue, section 409.-2567, Florida Statutes, unambiguously provides that the Department of Health and Rehabilitative Services is entitled to recover its costs in support and paternity determination cases, and does not direct that costs may be imposed on a need and ability to pay analysis, as under chapter 61, Florida Statutes. Accordingly, the trial court erred in failing to assess these costs against appellee.
The order appealed from is reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH, MINER and KAHN, JJ., concur.