RICHARD L. HOLMES, Retired Appellate Judge.
Eustace E. Bishop, Jr. (buyer), filed a three-count complaint against Shellie Mock (seller). The buyer demanded judgment against the seller for fraud and breach of contract regarding the sale of one 1963 Corvette automobile and for breach of contract regarding the seller’s failure to properly paint one 1966 Corvette automobile owned by the buyer.
After a non-jury trial, the trial court issued an order, wherein it found in favor of the buyer and awarded damages in the amount of $22,675. The seller filed a motion for a new trial, which was denied.
The seller appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Initially, we would note that in a non-jury ease, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on these findings. Clardy v. Capital City Asphalt Co., 411 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 411 So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
The buyer testified that the seller indicated that he had most of the parts necessary to rebuild the 1963 Corvette automobile, except for certain items, of which the buyer was made aware, and that the entire project would cost approximately $20,000. The buyer indicated that he relied upon the seller’s representations and that these representations were false. The seller testified that he did not tell the buyer that most of the parts were there.
With regard to the paint work on the 1966 Corvette automobile, the seller testified that he told the buyer that a gel coat was needed and that the buyer instructed him not to use the gel coat. The buyer testified that there was never any conversation regarding a gel coat and that the painting performed by the seller was defective.
In light of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. *32 HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.